**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Frank G. TUSCHMAN, Nellie D. Tuschman and Preston G. Tuschman,
Defendants-Appellees.**

**No. 18297.**

United States Court of Appeals
Sixth Circuit.

Jan. 22, 1969.

Robert J. Campbell, Atty., Dept. of Justice, Washington, D. C., for appellant; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., on brief; Bernard J. Stuplinski, U. S. Atty., Carl Miller, Asst. U. S. Atty., Cleveland, Ohio, of counsel.

Harlan Pomeroy, Cleveland, Ohio, for appellees; Norman A. Sugarman, Jonathan E. Thackeray, Baker, Hostetler & Patterson, Cleveland, Ohio, on brief.

Before PHILLIPS, EDWARDS and McCREE, Circuit Judges.

PHILLIPS, Circuit Judge.

Pursuant to a final decision of the Tax Court, the Internal Revenue service in 1962 assessed income taxes, interest and civil fraud penalties in the amount of $131,580.46 for the tax years 1950–52 against Frank G. and Nellie Tuschman[1] and filed notices of tax liens against all their property. This suit was filed by the Government to enforce its tax liens against certain property of the taxpayer, including a $120,000 subordinated debenture bond issued to him by Tuschman Broadcasting Corporation.

The principal issue raised in the District Court was whether this debenture bond was the property of the taxpayer alone or was owned in part by Preston Tuschman, son of the taxpayer. The District Court held that Preston Tuschman owned an interest of $103,615 in the

1. Frank G. Tuschman is referred to herein as the taxpayer.

bond and that his father owned only $16,-385. The Government appeals.

The District Court refused to receive into evidence a number of documents most of which were sworn to either by the taxpayer or by his son, which represented the taxpayer to be the owner of the bond.

These documents included:

1. A statement of financial condition and other information on Treasury Department Form 433 was signed and submitted by the taxpayer September 10, 1962, in support of an offer to compromise the enforcement of the tax lien. Under his statement of assets and liabilities, the taxpayer listed as an asset the $120,000 subordinated debenture bond without indicating that any other person owned any interest in the bond. The same form showed that during 1960 and 1961 the taxpayer received $7200 as interest from Tuschman Broadcasting Corporation and reported this income on his federal income tax returns for these years. Under a receipts and disbursements column the taxpayer reported $7200 received as interest from Tuschman Broadcasting Corporation the previous year.

2. On May 1, 1963, the taxpayer submitted a financial statement dated April 1, 1963, under a cover letter signed by his attorney. The $120,000 bond was listed as an asset of the taxpayer and there was not any offsetting entry which would show that any other person owned any interest in the bond.

3. On April 10, 1964, the taxpayer submitted a further official financial statement on Form 433, again listing the bond as an asset and not indicating any interest in the bond owned by any other person. Interest on the bond again was shown to have been received by the taxpayer.

4. Sworn statements were submitted by the son, Preston Tuschman, to the Federal Communications Commission in connection with an application for a broadcasting license. These included actual and projected balance sheets of Tuschman Broadcasting Corporation. These documents showed an indebtedness of $120,000 to the taxpayer. The personal balance sheet of Preston Tuschman did not show any interest claimed by him in the debenture bond.

5. The taxpayer's attorney represented to the Department of Justice in writing that the taxpayer owned the bond.

■ We hold that the District Court committed reversible error in refusing to receive into evidence documents, signed by the taxpayer, making material representations as to the ownership of the bond, despite the fact that the documents were offered in an effort to effect a compromise of enforcement of the tax liens. Nau v. Commissioner of Internal Revenue, 261 F.2d 362, 364 (6th Cir.); IV Wigmore on Evidence (3d ed.) § 1061, p. 26. Representations of the attorney acting as authorized representative of the taxpayer likewise should have been admitted into evidence. See State Farm Mutual Automobile Ins. Co. v. Porter, 186 F.2d 834, 841, 52 A.L.R.2d 499 (9th Cir.); Lenox Clothes Shops, Inc. v. Commissioner of Internal Revenue, 139 F.2d 56, 59 (6th Cir.). Sworn representations of Preston Tuschman to the Federal Communications Commission as to the ownership of the bond, which were inconsistent with his subsequent testimony at trial, were admissible not only as original evidence of the truth of the statements made but also for purposes of impeachment. *Accord:* Ross v. Philip Morris & Co., Ltd., 328 F.2d 3, 14 (8th Cir.). See Carroll v. Maywood, 331 F.2d 303 (6th Cir.); McIntosh v. Eagle Fire Co. of New York, 325 F.2d 99 (8th Cir.).

■ One final matter should be mentioned. The Government urges as error the holding of the District Court that Preston Tuschman's interest included sums which, in the Government's view, arose subsequent to the filing of the tax lien. Although Rule 52(a) of the Rules

of Civil Procedure requires that the District Court "find the facts specially and state separately its conclusions of law," the memorandum of the District Court gives no indication of the basis on which the sums complained of were held to be the property of Preston Tuschman. On remand, findings with respect to this issue should be stated clearly and in sufficient detail to facilitate our review in the event of appeal. B. F. Goodrich Co. v. Rubber Latex Products, Inc., 400 F.2d 401, 402 (6th Cir.); Deal v. Cincinnati Board of Education, 369 F.2d 55, 64–65 (6th Cir.), cert. denied, 389 U.S. 847, 88 S.Ct. 39, 19 L.Ed.2d 114.

Reversed and remanded for a new trial.