George McCLANAHAN and William Clinger, Plaintiffs-Appellants,

v.

William B. MATHEWS, Defendant-Appellee.

No. 20592.

United States Court of Appeals, Sixth Circuit.

April 8, 1971.

Charles L. Kirk, Maysville, Ky., for plaintiffs-appellants; Charles L. Kirk, Robert G. Zweigart, Royse, Zweigart & Kirk, Maysville, Ky., on brief.

Woodson T. Wood, Maysville, Ky., for defendant-appellee; Woodson T. Wood, Fox, Wood & Wood, Maysville, Ky., on brief.

Peter G. Nash, Sol. of Labor, Bessie Margolin, Associate Sol., Carin Ann Clauss, Donald S. Shire, W. Scott Railton, Attys., United States Dept. of Labor, Washington, D. C., Marvin Tincher, Regional Atty., on brief as amicus curiae for the Secretary of Labor.

Before CELEBREZZE, PECK, and BROOKS, Circuit Judges.

CELEBREZZE, Circuit Judge.

This action was instituted by George McClanahan and William Clinger to recover from their employer, William B. Mathews, damages for wages withheld in violation of the minimum wage and maximum hour provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (1964). The action was tried to a jury, which found that Mathews had underpaid Clinger and McClanahan in the amounts of $3,200 and $6,445.43, respectively, and judgments were entered accordingly. Thereafter, the District Court refused to award Clinger and McClanahan liquidated damages or pre-judgment interest on the back-pay award. Clinger and McClanahan appealed, asserting that the District Court erred in denying their claims for liquidated damages and pre-judgment interest. The Secretary of Labor has filed a brief as *amicus curiae* on these issues.

## I.

Prior to the enactment of the Portal-to-Portal Act of 1947, an employer was without exception liable to his employees for liquidated damages equal to, and in addition to, any minimum or overtime wages withheld in violation of the Fair Labor Standards Act of 1938.

"Any employer who violates the provisions of section 206 or section 207 of this title [the minimum wage and maximum hour provisions] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, *and in an additional equal amount as liquidated damages.*" [emphasis added.] 29 U.S.C. § 216(b) (1964).

Overnight Motor Company v. Missel, 316 U.S. 572, 581–584, 62 S.Ct. 1216, 86 L. Ed. 1682 (1942). Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 (1964), provides a dispensation from the mandatory liability for liquidated damages under certain circumstances. Under section 11, where an employer "shows to the satisfaction of the court" that his violation was "in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," then the court "may, in its sound discretion," award a lesser amount or no liquidated damages at all.[1] Since an award of liquidated damages is left to the "sound discretion" of the court, it is to be granted, or denied, by the court, as opposed to the jury. Martin v. Detroit Marine Terminals, Inc., 189 F.Supp. 579 (E.D.Mich.1960). For the court's discretion to be invoked, however, the delinquent employer must sustain a "plain and substantial burden of persuading

the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." Rothman v. Publicker Industries, Inc., 201 F.2d 618, 620 (3d Cir. 1953); Wright v. Carrigg, 275 F.2d 448, 449 (4th Cir. 1960); Caserta v. Home Lines Agency, Inc., 273 F.2d 943, 947 (2d Cir. 1959). In the absence of such proof a District Court has no power or discretion to reduce an employer's liability for the equivalent of double unpaid wages. *See* 29 C.F.R. §§ 790.15, 790.-22(c) (Jan. 1, 1970 ed.).

After the jury rendered its verdict for the Appellants in the amounts of their unpaid back wages, the Appellants moved the District Court to award them liquidated damages. The motion was denied.

Appellants' first assignment of error is that the District Court applied the wrong legal standard in its determination of whether they were entitled to liquidated damages. In its memorandum and order, the District Court held that an employer's failure to pay the minimum wage is "only punishable via liquidated damages when it is malicious and knowingly oppressive." Elaborating, the court stated:

"It is the court's abiding conviction that liquidated damages should only be granted where a recalcitrant employer retains fair compensation out of malice."

It is well established that "liquidated damages for failure to pay the minimum wages under sections 6(a) and 7(a) are compensation, not a penalty or punishment." Overnight Motor Company v. Missel, 316 U.S. 572, 583, 62 S.Ct. 1216,

---

1. 29 U.S.C. § 260 (1964) provides in full:
In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216(b) of this title.

86 L.Ed. 1682 (1942). As we have indicated, where an employer sustains a substantial burden of proving not only that his violation was in "good faith," but also that he had "reasonable grounds" for believing that he was not violating the Act, the District Court nevertheless may award full liquidated damages equal to, and in addition to, the unpaid back wages. We find the District Court erred in stating that liquidated damages are to be awarded only where the violation is "malicious and knowingly oppressive" and "only * * * against the most outrageous violators of the Act."

█ Appellants have not included in the record on appeal, a transcript of the evidence before the District Court. We are therefore unable to review their arguments based on prejudice resulting from the District Court's application of the wrong legal standard.[2] Rule 10, Federal Rules of Appellate Procedure; Drybrough v. Ware, 111 F.2d 548, 550 (6th Cir. 1940). See Palmer v. Hoffman, 318 U.S. 109, 116, 63 S.Ct. 477, 87 L.Ed. 645 (1943). See generally, 9 Moore, Federal Practice, Par. 210.05 (2d ed. 1970). Appellants argue that a transcript of the evidence is unnecessary because a particular inconsistency between the jury's response to interrogatories

and the District Court's judgment shows error as a matter of law in refusing to award liquidated damages. For the following reasons, we disagree.

The complaint in this case sought damages for three years' unpaid back wages. Under the applicable statute of limitations, Section 6(a) of the Portal-to-Portal Act of 1947, 29 U.S.C. § 255(a), as amended (1966), an employee may not recover damages for more than two years' unpaid wages unless his employer's violation was "willful."[3] Where the employer's violation was "willful," the employee may recover for three years' back wages. The issue of the Appellee's willfulness was presented to the jury by means of the following interrogatories:

1. Do you believe that the defendant, Mathews, underpaid [the plaintiff] either for straight time or overtime?

Answer Yes—— No——

"2. If your answer to the above interrogatory, No. 1, is 'yes,' do you believe that the underpayment of [the plaintiff] was wilful [sic]?

Answer Yes—— No——

The jury answered each interrogatory in the affirmative, indicating its finding

2. The Appellants claim that they "could not afford a four-day transcript" of the trial proceedings. 28 U.S.C. § 1915(b) (1964), however, granted them the right to a transcript at Government expense in the event their appeal were found to be nonfrivolous, and they were genuinely unable to pay the expenses of a transcript. So far as the incomplete record discloses, the Appellants made no motion for free transcript under section 1915(b) or otherwise.

The Secretary of Labor states, and the Appellants suggest, that "it is manifest that defendant failed to present any proof which would provide the trial court with discretion to withhold liquidated damages. Not only was there nothing in this record to warrant a 'good faith' belief that the employees did not have to be paid in accordance with the Act's requirements, but * * * the circumstances were such that defendant either knew or should have known that he was violating the Act." Naturally, in the absence of a transcript,

such a failure of proof is not "manifest," and the Appellants' arguments based upon the Appellee's failure to prove "good faith" and "reasonable grounds" are wholly unreviewable.

3. The term "willful" is not defined in the statute. The District Court defined the term in the following language:
> "You will hear me use the term 'willful' in this instruction. Now, to give you a short definition of 'willfully,' an act is done willfully if done voluntarily and intentionally and with the specific intent to do something the law forbids; that is to say, with a bad purpose, either to disobey or to disregard the law. I think you pretty well understand that."

The issue whether this was a proper definition for the purpose of section 255 (a) is not before the Court, and we intimate no decision upon it. See 2 CCH Lab.L.Rep., Par. 25,948 at 40,225.

that the Appellants were willfully underpaid by the Appellee. The Appellants argue that in view of the jury finding of "willfulness," the District Court erred as a matter of law in refusing to award liquidated damages, 29 U.S.C. § 260 (1964). The Appellee argues, on the other hand, that the jury finding of willfulness was totally contrary to the evidence, that the District Court erred in allowing the finding—and the three-year award—to stand, and that the District Court's refusal to award liquidated damages was consistent with the evidence.

The record before us does not disclose, as the Appellants suggest, that the District Court erred as a matter of law in refusing to award liquidated damages. We have no transcript of evidence, or adequate record thereof, Rule 10, Federal Rules of Appellate Procedure, and the findings of the District Court do not state facts that undermine its refusal to award liquidated damages as a matter of law. Nor does the record contain facts to support the Appellee's contention that the judgment of the District Court was supported by sufficient evidence and in accordance with law. Having applied the wrong legal standard, the District Court made no findings with regard to the relevant issues, *i. e.*, "good faith" and "reasonable grounds." Finding "nothing in the evidence or the record that shows that he [the Appellee] withheld minimum and overtime compensation with a black heart and tyrannical hand," the District Court summarily dismissed the Appellants' claims for liquidated damages, without probing into the facts to determine whether the proper statutory basis for doing so existed.

With a record so incomplete, we are unable to determine whether, as the Appellants argue, the District Court was wrong in not awarding liquidated damages and correct in not ruling as a matter of law that the period of limitations was two years. Logically it might be just as true that, as the Appellee argues, the court was correct in not awarding liquidated damages, and wrong in not

granting the Appellee judgment notwithstanding the verdict on the limitations issue. Lacking an adequate transcript, and relevant findings by the trial judge, we have no alternative but to vacate the District Court's judgment on this issue, and remand the cause for relevant and appropriate findings. *See* Hatahley v. United States, 351 U.S. 173, 182, 76 S.Ct. 745, 100 L.Ed. 1065 (1956); United States v. Claycraft Company, 408 F. 2d 366 (6th Cir. 1969); United States v. Tuschman, 405 F.2d 688, 690–691 (6th Cir. 1969); Traylor v. United States, 396 F.2d 837, 840 (6th Cir. 1968); S. S. Silverblatt, Inc. v. United States, 353 F.2d 545, 549–550 (5th Cir. 1965). *See generally* 5 Moore, Federal Practice, Par. 52.-06[1] & [2] (2d ed. 1968. If, upon a review of the record in its entirety, or after such proceedings as it may deem necessary, the District Court remains of the belief that liquidated damages should not be awarded, then its findings and conclusions must show that the Appellee sustained his plain and substantial burden of proving "good faith" and "reasonable grounds." Rule 52, Federal Rules of Civil Procedure.

## II.

■ The District Court denied the Appellants' request for pre-judgment interest from the dates their respective claims accrued. The Appellants argue that pre-judgment interest is recoverable in employee wage suits, and that the District Court erred.

The Fair Labor Standards Act of 1938 makes no provision for interest on amounts recovered as restitution of unpaid back wages, but this is not dispositive of the issue. Rodgers v. United States, 332 U.S. 371, 373, 68 S.Ct. 57, 92 L.Ed. 3 (1947).

"There is no language in the Agricultural Adjustment Act or in any other act of Congress which specifically allows or forbids interest on penalties such as these prior to judgment. But the failure to mention interest in statutes which create obligations has not been interpreted by this Court as

manifesting an unequivocal congressional purpose that the obligation shall not bear interest." [Citations omitted.] *Id.*

Prior to the enactment of the Portal-to-Portal Act of 1947, which relieved delinquent employers of having the pay liquidated damages in addition to restitution of unpaid back wages under certain limited circumstances, the Supreme Court held that interest was not recoverable in employee wage actions. The mandatory liquidated damages required by the Fair Labor Standards Act were, at least in part, compensatory to the employee for interest he would have had to pay on obligations during the period his wages were unlawfully withheld, the Court reasoned. Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 707–714, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). To allow interest on the amount of the damages recovered, therefore, would be tantamount to allowing "interest on interest."

"Since Congress has seen fit to fix the sums recoverable for delay, it is inconsistent with Congressional intent to grant recovery of interest on such sums in view of the fact that interest is customarily allowed as compensation for delay in payment. To allow an employee to recover the basic statutory wage *and* liquidated damages, with interest, would have the effect of giving an employee double compensation for damages arising from delay in the payment of the basic minimum wages. Allowance of interest on minimum wages *and* liquidated damages recoverable under Section 16(b) tends to produce the undesirable result of allowing interest on interest. Congress by enumerating the sums recoverable in an action under § 16(b) meant to preclude recovery of interest on minimum wages *and* liquidated damages." 342 U.S. at 715–716, 65 S.Ct. at 906. [Citations omitted; emphasis added.]

The Supreme Court has not decided, however, whether pre-judgment interest is to be awarded where, under Section 11 of the Portal-to-Portal Act, a court awards no liquidated damages, and the lower federal courts of appeals are in disagreement. *Compare* Holtville Alfalfa Mills, Inc. v. Wyatt, 230 F.2d 398, 401 (9th Cir 1955) (pre-judgment interest allowable), *and*, Landaas v. Canister Company, 188 F.2d 768, 772 (3d Cir. 1951) (pre-judgment interest not recoverable).

There are compelling reasons why pre-judgment interest should be recoverable where, in its discretion, the district court has awarded less than the maximum amount of liquidated damages. It is well settled that "one for whose financial advantage an obligation was assumed or imposed, and who has suffered actual money damages by another's breach of that obligation should fairly be compensated for the loss thereby sustained." Rodgers v. United States, *supra*, 332 U.S. *at* 373, 68 S.Ct. at 7. In the closely analagous situation of back pay awards in labor cases, this Court and five other courts of appeals have applied this principle so as to allow interest from the time the claims accrued. *See* Philip Carey Mfg. Co., Miami Cabinet Div. v. NLRB, 331 F.2d 720, 729–731 (6th Cir. 1964), cert. denied, International Union, United Auto. Aerospace and Agr. Implement Workers of America, UAW–AFL–CIO v. Philip Carey Mfg. Co., Miami Cabinet Division, 379 U.S. 888, 85 S.Ct. 159, 13 L.Ed.2d 92; Marshfield Steel Company v. NLRB, 324 F.2d 333, 338 (8th Cir. 1963); Reserve Supply Corp. of L. I., Inc. v. NLRB, 317 F.2d 785 (2d Cir. 1963); International Brotherhood of Operative Potters, AFL–CIO v. NLRB, 116 U.S.App.D.C. 35, 320 F.2d 757 (1963); NLRB v. Globe Products Corporation, 322 F.2d 694 (4th Cir. 1963); Revere Copper and Brass, Inc. v. NLRB, 324 F.2d 132, 137 (7th Cir. 1963). The reasoning of our Court in *Philip Carey, supra,* is particularly relevant here:

"It is recognized under our legal system that wage earners are heavily dependent upon wages, which more often than not constitute the sole resource to purchase the necessities of

**326**

life from day to day. For example, many states have enacted statutes regulating the time of payment of wages. The National Bankruptcy Act accords priority to wage claims. Many wage-earners who are deprived of their wages doubtlessly find it necessary to borrow money to sustain themselves and their families, paying rates of interest at six per cent or higher." 331 F.2d at 730 [citations omitted.]

While wage earners who are being unlawfully deprived of a minimum wage are borrowing money to sustain themselves, and paying interest, the non-complying employer, however innocent, is benefitting from his violations, since he has the use of his employee's money. Unless the delinquent employer is required to restore his employee to the position he would have been in had there been no violation, via an award of liquidated damages or interest on the back wage award, the employer will thereby have been unjustly enriched by his own violation at his employee's expense. Surely Congress did not intend this result, and we will not impose it.[4]

On remand if the District Court, upon a proper showing and in its sound discretion, remains of the belief that liquidated damages are wholly inappropriate, then it must award interest on back pay from the date the claims accrued. In the alternative, if the District Court awards liquidated damages, as it may under Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 (1964), the award must at least equal the amount of interest that would have been due the Appellants from the date their claims for unpaid back wages accrued.

### III.

One final argument advanced by the Appellants is that the District Court's award of attorney fees was insufficient. Upon review of the affidavits and the judgment, however, we are unable to find that the court abused its discretion in this respect.

The judgment of the District Court is, therefore, affirmed with respect to its awards of back pay and attorney's fees. That part of the judgment denying liquidated damages and pre-judgment interest is vacated, and this cause is remanded for further findings consistent with this opinion.

---

4. To the extent of any inconsistency, we decline to follow our prior holding in Clougherty v. James Vernor Company, 187 F.2d 288, 293 (6th Cir. 1951).