Theda June DAVIS, a femme sole, Plaintiff,

v.

JOBS FOR PROGRESS, INC., an Arizona Corporation, aka SER–CEP, No. 2, Defendant.

No. Civ. 74–626 Phx. WPC.

United States District Court, D. Arizona.

Nov. 16, 1976.

R. Kelly Hocker, Tempe, Ariz., for plaintiff.

Richard J. Trujillo, of Wolfram & Trujillo, Phoenix, Ariz., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER

COPPLE, District Judge.

This cause came on for trial, and the Court, sitting without a jury, having heard the evidence and considered the exhibits, makes the following findings of facts and states the conclusions of law as follows:

### FINDINGS OF FACT

1. The plaintiff is a female citizen of the United States.

2. The defendant is an Arizona corporation that operated a manpower education program under a subcontract with the City of Phoenix with funds provided by the United States Department of Labor.

3. At all times material, the defendant had more than fifteen employees in its employment for more than twenty or more calendar weeks for the years 1969, 1970, 1971, 1972 and 1973.

4. The plaintiff was hired by the defendant on October 7, 1969, as an Instructor. At the time that she was hired she held a masters degree in Spanish, a minor in English and a minor in French. In addition she had 18 years of teaching experience in South America and Central America and the United States, including the State of Arizona.

5. At the time she was interviewed and hired she held a teaching certificate in the State of Arizona for both elementary and secondary education and certification was a prerequisite for hire. The evidence substantiates that there was proof of her teaching credentials presented at the time she was hired and also that copies of her credentials were in her personnel file.

6. DAVID SPANGLER was a male citizen of the United States. He was hired by the defendant as an Instructor on December 1, 1969. At the time he was hired he held a bachelors degree in education and was certified in secondary education in Arizona. He had less than one year's teaching experience.

7. The defendant had hired, prior to October 7, 1969, two other female Instructors, namely, VENITA POLECHEL and MARGE ASHCRAFT.

8. That on or about January 1, 1970, the staffing pattern of defendant's organization was altered, whereby three new positions classified as Instructor II and three positions classified as Instructor I were created. The Instructor II classification was a higher paying position than Instructor I.

9. On or about the 5th day of January, 1960, the defendant promoted DAVID SPANGLER to fill the one slot of Instructor II.

10. On January 12, 1970, the plaintiff was selected for promotion to a second slot for Instructor II but her appointment was turned down on the alleged basis that she "had no teaching certificate in the file". However the evidence clearly indicates that she could not have been initially hired had she not been so certified. In March of 1970, the two open slots for Instructor II were filled by MARGE ASHCRAFT and VENITA POLECHEL. Their selection for these slots was not based upon superior qualifica-

tions or experience, but solely on the basis of their seniority over plaintiff. But all three female Instructors had seniority over DAVID SPANGLER.

11. The plaintiff was more qualified, both by education and experience, to fill the slot of Instructor II than the male Instructor, DAVID SPANGLER.

12. It is clear from the evidence that the male Instructor was not promoted on the basis of seniority, nor on the basis of superior education qualification or experience.

13. Under the terms of the regulations governing the defendant's operations, all vacant positions, whether an initial hire or by promotion, were to be filled by and through competitive examinations. But it is clear that the defendant, in no instance involving any of the three slots for Instructor II, conducted any competitive interviews, gave any notice of their vacancies or otherwise allowed the females to compete for the slot filled by the male Instructor.

14. That although the plaintiff was not given the Instructor II slot and hence the higher pay, she continued to "underfill an Instructor II slot", as well as perform the additional duties as Instructor I. However she was not paid the same wage rate as her male counterpart.

15. The job that the plaintiff was performing required equal or greater skill, effort, qualifications and responsibility under similar working conditions as that performed by the male Instructor. There were no bona fide occupational qualifications that would justify selection of the male Instructor over the plaintiff for the slot of Instructor II.

16. The plaintiff terminated her employment with the defendant on July 9, 1972. Although she resigned, the evidence reveals that she resigned because she was required to perform both the duties for Instructor I and Instructor II without being paid equal pay, and that as a further result she suffered humiliation, depression and mental distress because of these circumstances and because the male Instructor was promoted over her.

17. That the plaintiff was discriminated against on the basis of sex.

18. The plaintiff did equal work without receiving equal pay.

19. The plaintiff would have qualified for merit increases as well as cost of living allowances on the same basis as the male Instructor. In addition her fringe benefits would have been equal to fifteen per cent of the amount which she would have earned.

20. Based upon the earnings of DAVID SPANGLER, had plaintiff held the position of Instructor II until the time she terminated on July 9, 1972, she would have earned $16,695.25; in the same period of time she earned $14,695.10, resulting in a loss of $2,000.10 in pay and benefits. She would have earned, as Instructor II, through December 31, 1973, the sum of $47,975.42. In that same period of time she earned $27,506.10, resulting in a loss of $20,469.46 in pay and benefits.

21. That all jurisdictional requisites of this Court have been met.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1337, 1343; 42 U.S.C. § 2000e–5(f)(3); 29 U.S.C. § 206, and the XXIV Amendment to the Constitution of the United States of America; further this Court has pendent jurisdiction over the Fourth Claim for Relief based upon the Arizona Revised Statutes § 23–355 as amended.

■ 2. That the defendant was an "employer" as that term is defined in § 701(b) of Title VII of the Civil Rights Act of 1964, as amended in 1972, and is a "person" within the meaning of § 701(a) of Title VII and § 601, Title VI of the Civil Rights Act.

■ The defendant, in selecting DAVID SPANGLER to fill the slot of Instructor II, without requiring any competitive testing, and having the least seniority, and experience, and then requiring the female Instructors to compete on the basis of seniori-

ty, is a violation of 42 U.S.C. § 2000e-2 (a)(1) and (2), i.e., sex.

3. That the failure to pay the plaintiff wages that were equal to those paid to DAVID SPANGLER, the male Instructor, for doing the same or essentially similar duties, involving the same or essentially similar skill, effort, qualifications and responsibility as an Instructor II and under similar working conditions, is a violation of 42 U.S.C. § 2000e–2 and 29 U.S.C. § 206(d). The failure to pay the plaintiff equal wages was not authorized by § 6(d) of the Fair Labor Standards Act, as amended.

4. The plaintiff is entitled to back pay and benefits equal to the difference between what she would have earned as an Instructor II and what she actually earned during the same period of time. 42 U.S.C. § 2000e–5(g).

5. The Fair Labor Standards Act, 29 U.S.C. § 206(a) is incorporated into Title VII. Under the FLSA, the Court can award liquidated damages equal to the pay to which plaintiff is entitled pursuant to that Act. *McClanahan v. Mathews*, 440 F.2d 320 (6th Cir. 1971). The plaintiff has requested the Court to triple the damages found to be due, under the provisions of ARS § 23–355. Neither the Civil Rights Act nor the FLSA have pre-empted state regulation nor the imposition of state remedies for violations arising out of the same circumstances. 42 U.S.C. § 2000e–7; *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295, 10 FEP Cases 817. In assuming pendent jurisdiction, the Court may triple the damages due plaintiff. The Court does conclude, however, that such additional damages would not be appropriate in this case. *Van Hoomissen v. Xerox Corporation*, 368 F.Supp. 829, 840 (D.C.N.D.Cal.1973).

6. The Court concludes that compensation may not be given plaintiff for the humiliation sustained, although the cases are split on this issue. See discussion and holding in *Van Hoomissen v. Xerox Corporation, supra* at 835–838.

7. Prejudgment interest is a proper and allowable component of a back pay award for violation of the Civil Rights Act, 42 U.S.C. § 2000e, and the Fair Labor Standards Act, 29 U.S.C. § 206(d), because the injured worker must be restored to the economic position in which she would have been but for the discrimination. *Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211 (5th Cir. 1974), 7 FEP Cases 1115, 1156, *Laffey v. Northwest Airlines, Inc.*, 374 F.Supp. 1382 (D.C.D.C.1974), 7 FEP Cases 687.

8. Based upon the foregoing plaintiff is entitled to judgment herein for total lost wages and benefits in the amount of $20,469.34, plus accrued interest at 6% per annum computed to December 1, 1976, in the amount of $8,837.96, or a total award for special damages in the amount of $26,637.40.

9. In addition to special damages and taxable costs, the plaintiff is entitled to a reasonable sum for attorney fees incurred. 42 U.S.C. § 2000e–5(k).

IT IS ORDERED:

Counsel for plaintiff will promptly serve and lodge with the Court a form of judgment consistent with the foregoing. Counsel will leave blank the amount to be awarded for attorney fees and file with the Court a copy of his time records and other relevant information to enable the Court to determine the amount to be so awarded. Counsel may also suggest to the Court his estimation of a reasonable fee to be awarded.