Lawrence A. PEZZILLO et al.,
Plaintiffs-Appellees,

v.

GENERAL TELEPHONE AND ELEC-
TRONICS INFORMATION SYSTEMS,
INC., Defendant-Appellant (two cases).

Nos. 76–1668, 77–1051.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 1, 1978.

Decided March 31, 1978.

William N. Ozier, Bass, Berry & Sims, Nashville, Tenn., Jay M. Rosen, General Counsel, Stamford, Conn., for defendants-appellants.

Carin Ann Clauss, Sol. of Labor, U. S. Dept. of Labor, Jacob I. Karro, Paul D. Brenner, Washington, D. C., for amicus curiae.

F. Clay Bailey, Jr., Dearborn & Ewing, Nashville, Tenn., for plaintiffs-appellees.

Before PHILLIPS, Chief Judge, WEICK and KEITH, Circuit Judges.

PER CURIAM.

Former computer programmers employed by appellant, General Telephone and Electronics Information Systems, Inc. (GTE), brought an action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, alleging that GTE knowingly and willfully violated section 7 of the FLSA by failing to provide them overtime compensation. GTE concedes that it did not pay

overtime compensation, but asserts that it was excused from doing so by the exemption in section 13(a)(1), 29 U.S.C. § 213(a)(1), applicable to persons employed in an "administrative" capacity. In a memorandum opinion reported at 414 F.Supp. 1257 (M.D. Tenn.1976), District Judge L. Clure Morton held that GTE was not entitled to the exemption and ordered it to pay the employees back wages plus an equal amount as liquidated damages authorized under the FLSA, together with attorney fees. Reference is made to the opinion of the district court for a recitation of pertinent facts.

The Secretary of Labor filed an amicus curiae brief urging that the decision of the district court is correct.

GTE raises four grounds for reversal, contending that the district court erred: (1) by applying an improper standard in determining that the administrative employee exemption was not applicable; (2) in rejecting the testimony of an expert witness; (3) in computing damages on the basis of a 37½ hour work week; and (4) in awarding liquidated damages. We find the first three contentions to be without merit. With respect to the final assignment of error, the standard of review is whether the district court abused its discretion in declining to remit liquidated damages awarded under the FLSA. *See McClanahan v. Mathews,* 440 F.2d 320 (6th Cir. 1971). We conclude that the award of liquidated damages in this case did not constitute an abuse of discretion.

In No. 77–1051, GTE appeals from the decision and order of the district court setting the amount of damages and award of attorney fees to the attorney for appellants.

For the reasons set forth in the opinion of Judge Morton, the judgment of the district court is affirmed in all respects.