**William E. BROCK, Secretary of Labor, United States Department of Labor, and Eleven (11) of Defendants' Employees,**

v.

**BOWEN MANUFACTURED HOUSING, INC: Bowen Mobile Sales and Leasing, Inc.; LBR Enterprise, Inc.; and Orris Willard "John" Bowen.**

No. EP–86–CA–37.

United States District Court, W.D. Texas, El Paso Division.

Feb. 18, 1987.

---

Max A. Wernick, U.S. Dept. of Labor, Dallas, Tex., for plaintiff Brock.

Michael T. Milligan, El Paso, Tex., for defendants Bowen, etc.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BUNTON, Chief Judge.

This cause was heard before the Court without a jury on January 14, 1987. After

considering the evidence presented at trial, the record in this case, and controlling law, the Court hereby enters its Findings of Fact and Conclusions of Law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. The Court has jurisdiction over this cause.

2. Defendant, Bowen Manufactured Housing, Inc., has been a corporation with its principal place of business in El Paso, Texas since February 3, 1983.

3. Defendant, Bowen Mobile Sales and Leasing, Inc., has been a corporation with its principal place of business in El Paso, Texas since February 3, 1983.

8. Since February 3, 1983, Defendants have had an annual gross volume of sales or have done business of not less than $250,000.00 (exclusive of excise taxes at the retail level which are separately stated).

9. Since February 3, 1983, Defendants have failed to make, keep, or preserve adequate and accurate records of their employees' hours of work each day, and have failed to keep a record of the total number of hours worked each workweek. Defendants' acts are in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

10. Defendants failed to compensate employees at the wage required by law. The Defendants knew or had reason to know that the Fair Labor Standards Act applied to their business. Thus, Defendants knew that their employees may have been covered by the statute.

11. Defendants mistakenly believed that an Internal Revenue Service investigation disclosed that they were complying with the law with respect to their employees.

12. William Anderson worked for Bowen for 108 weeks. Anderson worked for 5,400 hours in the 108 weeks he worked for Bowen. If Anderson had been compensated at the minimum wage, he would have received $18,090.00 during that period. Anderson, who was a salesman, received $19,893.26 in commissions in the above described period. Thus, Anderson was properly paid and is not entitled to backpay.

13. Louis Carrasco worked for Bowen for 79 weeks. In those 79 weeks, Carrasco worked 3,318 hours. If Carrasco had been compensated at the minimum wage, he would have earned $11,115.30. Carrasco, a salesman, was paid $8,660.89 for his efforts. Carrasco was underpaid $2,454.41.

14. Raul Castor worked for Bowen for 66 weeks. During that period, Castor worked 2640 hours. He worked no overtime. If Castor had been paid at the minimum wage, he would have earned $8,844.00. Castor was paid $6,744.91 through his commissions as a salesman. As such, Castor was underpaid $2,099.09.

15. Camelo Escajeda worked for Bowen for a period of 66 weeks. Camelo worked a total of 3,300 hours, and his commissions as a salesman totaled $10,407.80. If Camelo had been paid at the minimum wage, he would have earned $11,055.00. Escajeda was underpaid in the amount of $648.00.

16. William Franklin worked 1920 hours in the 64 weeks that he worked for Bowen. Franklin worked an average of 35 hours a week. Franklin's commissions as a salesman totaled $5161.91. If he had been paid the minimum wage, Franklin would have earned $6432.00. Thus Franklin was underpaid in the amount of $1,270.09.

17. Michael Jaquez worked for Bowen for 49 weeks. In those 49 weeks, he worked 1225 hours. If Jaquez had been paid at the minimum wage, he would have earned $4103.75. Jaquez commissions as a salesman totaled $2,000. Thus, Jaquez was underpaid in the amount of $2103.75.

18. Donald Propek worked for Bowen for 39 weeks. Propek who averaged 35 hours a week worked a total of 1365 hours. If Propek had been paid at the minimum wage, he would have earned $4,572.75. Propek's commissions for his work as a salesman totaled $2,876.62. Propek was underpaid in the amount of $1,696.13.

19. Robert Trambley worked for Bowen for 13 weeks. During those 13 weeks Trambley averaged 60 hours a week for a

total of 780 hours. If Trambley had been paid at the minimum wage, he would have earned $2,613.00. Trambley's commissions for his work as a salesman totaled $4,222.22. Thus, Trambley was not underpaid.

20. Dolores Cordero worked for Bowen for 35 weeks performing cleaning duties. Ms. Cordero worked a total of 1,362.5 regular hours of work. For this work, she was paid a total of $2,625.00. If Ms. Cordero had been paid minimum wage, she would have earned $4,564.38. Ms. Cordero also worked a total of 52.5 hours of overtime. If she had been compensated for this overtime, she would have been paid an additional $264.08. Had Ms. Cordero been paid as required by the Act she would have earned $4,828.46. Thus, Ms. Cordero was underpaid in the amount of $2,203.46.

21. Celia Davila was not an employee of Bowen. She was on the Bowen premises under the direction of a Mr. Hopper. Mr. Hopper had no authority to hire any employees. Mr. Bowen paid Ms. Davila $150.00 for the problems his employee may have caused.

23. The hourly minimum wage at the time the above mentioned employees worked was $3.35 an hour.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this cause pursuant to Section 16(b) of the Act, 29 U.S.C. § 216(b).

2. At all times pertinent herein, all of Bowen's employees were employed by an enterprise engaged in commerce and were thereby covered by the Fair Labor Standards Act.

■ 3. Under such circumstances, the responsibility for making, keeping and preserving accurate records of the hours worked by his employees rested solely on the Defendant. 29 U.S.C. § 211(c).

4. Section 7(a)(1) of the Act, 29 U.S.C. § 207(a)(1) provides;
No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer that forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

■ 5. The salesmen working for Bowen were exempt from the overtime provisions of the act. 29 U.S.C. § 213(b)(10).

6. In order to recover under the Act, a Plaintiff must prove that "he has in fact performed work for which he was improperly compensated" and "produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946).

7. Once established, the burden of proof shifts to the defendant to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the Plaintiff's prima facie case.

8. The Plaintiff in this case established a prima facie case against the Defendants. However, the Defendant was able to negate the reasonableness of the claims of some of the defendants. Although Plaintiffs were not all paid as the Act required, the hours claimed to have been worked tended to be exaggerated.

9. Section 6 of the Portal to Portal Act, 29 U.S.C. § 255(a), establishes a two-year statute of limitations unless the cause of action arises under a willful violation. In the latter case, the statute of limitations is three years.

■ 7. A violation occurs willfully if an employer knows or has reason to know that the Act may apply. The Court is of the opinion that Bowen had reason to know that the Act may apply to his employees. As was stated by the Defendants, after they were investigated by the IRS, and their records concerning their employees were not found to be in violation of any law, the Bowens concluded that their employment practices were not in violation of the law.

The fact is, that it was not until this point that the Bowens were sure, although mistakenly, that they were in compliance with the law. Thus, the Bowens had reason to know that the Act might apply to them, and their actions were done willfully. The three year statute of limitations applies to this case.

■ 8. The Court may award damages to the plaintiff in the form of back wages and or liquidated damages. When an employer fails to maintain accurate and truthful records, as here, exacting evidence on the amount of actual uncompensated wages is not mandatory. What is required is a workable data base, derived from the evidence; so that a meaningful decision on damages can be made. *Reeves v. International Telephone & Telegraph Corp.*, 616 F.2d 1342, (5th Cir.1980) cert. denied 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800.

■ 9. Liquidated damages are provided for in Section 11 of the Portal to Portal Act, 29 U.S.C. § 260. A Defendant in violation of the Act may escape or reduce its liability under this section if it persuades the Court both that it acted in good faith and upon reasonable grounds when it violated the Act. Otherwise, the Court has no alternative but to double the amount of uncompensated wages. *McClanahan v. Mathews*, 440 F.2d 320 (6th Cir.1971).

■ 10. The Court's opinion is that Bowen acted in good faith and upon reasonable grounds.

11. The rule in this circuit prohibits the award of prejudgment interest in Fair Labor Standards Act cases. *Barcellona v. Tiffany English Pub*, 597 F.2d 464 (5th Cir.1979).

12. The Court is of the opinion that Bowen failed to compensate its employees as required by law. Accordingly, the following order is appropriate.

IT IS ORDERED that the Defendants are to pay backwages as follows:

Louis Carrasco is to be paid $2,454.41 in backwages.

Raul Castor is to be paid $2,099.09 in backwages.

Camelo Escajeda is to be paid $648.00 in backwages.

William Franklin is to be paid $1,270.09 in backwages.

Michael Jaquez is to be paid $2,103.75 in backwages.

Donald Propek is to be paid $1,696.13 in backwages.

Dolores Cordero is to be paid $4,564.38 in regular wages, and $264.08 in overtime wages less $2,625.00 in wages already paid or a total of $2,203.46

The Court will enter a judgment in accordance with these Findings of Fact and Conclusions of law.