William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

MARCI DISCOUNT IMPORTS, INC., d/b/a Marci Imports, Stanley C. Atkins, Robin Atkins, and Barbara T. (Sherry) Atkins, Defendants.

No. C85–4717.

United States District Court, N.D. Georgia.

June 30, 1987.

Curtis L. Gaye, U.S. Dept. of Labor, Atlanta, Ga., for plaintiff.

Joseph E. Cheeley, Jr., Buford, Ga., for defendants.

ORDER ON MOTION AND
JURY'S VERDICT

RICHARD C. FREEMAN, District Judge.

This cause came on to be heard by this Court before a jury on June 9–11, 1987. This is an action brought by the Secretary of Labor under the Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. § 201, et seq. [hereinafter "Act"], against Marci Discount Imports, Inc., Stanley C. Atkins and Barbara T. "Sherry" Atkins, seeking prospective and restitutionary injunctive relief against defendants, pursuant to § 17 of the Act, 29 U.S.C. § 217, for alleged violations of the minimum wage, overtime and recordkeeping provisions of the Act, together with an award of liquidated damages, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), equal to the amount of back wages found to be due.

 At the close of plaintiff's evidence, defendants moved for a directed verdict. Said motion was denied. Defendants then renewed their Motion To Dismiss on the grounds that this action was not brought within the applicable statute of limitations in that the employees have not been named as party-plaintiffs in the Complaint. The Secretary of Labor is authorized to seek relief for employees who are due back wages without the specific request from or joinder of the injured workers. *Donovan v. University of Texas at El Paso*, 643 F.2d 1201, 1206 (5th Cir.1981). The "named as a party plaintiff" requirement of § 216(c) is met where, as in this case, employees are named in the prayer of the Complaint. *EEOC v. Hernando Bank, Inc.*, 724 F.2d 1188, 1193 (5th Cir.1984). Accordingly the defendants' Motion To Dismiss was denied.

At the close of defendants evidence plaintiff moved for a partial directed verdict. Said motion was granted as to the following issues:

1. defendants' business operations constituted an enterprise engaged in commerce with employees covered under the Act pursuant to §§ 3(r) and (s)(2) [29 U.S.C. §§ 203(r) and (s)(2)];

2. defendants' business operations were not exempt from the Act pursuant to the § 13(a)(2) retail establishment exemption [29 U.S.C. § 213(a)(2)];

3. defendant Barbara T. "Sherry" Atkins was an employer within the meaning of § 3(d) of the Act [29 U.S.C. § 203(d)] during the relevant period;

4. the persons listed on Plaintiff's Exhibit No. 1, Summaries Of Unpaid Wages, were employees of defendants for the periods of time indicated thereon; and

5. defendants did not make, keep and preserve records of the actual daily and weekly hours worked during the applicable time period from December 26, 1982 through March 11, 1984.

Thereupon, the following issues were submitted to the jury for its consideration:

1. Whether certain of defendants' employees were exempt as administrative employees pursuant to 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.2.

2. The numbers of hours worked by defendants' employees, including time worked prior to and after their work shifts and during lunch breaks.

3. The amount, if any, of back wages due defendants' employees.

After deliberation, the jury returned its verdict, finding that 56 named employees are due a total of $26,140.03 from defendants in unpaid minimum wages and overtime compensation. It has been called to the Court's attention that this total does not reflect the amendments to Plaintiff's Exhibit No. 1 made by counsel to correct the duplication of the name of Marilyn Taylor and a mathematical error in the computations on employee Julia Oliver. The revised total should be $25,930.78. Such amendments are hereby adopted.

 Two matters remain for the Court's decision: plaintiff's requests for liquidated damages and prospective injunctive relief. Section 16(c) of the Act and § 11 of the Portal-to-Portal Act of 1947 [29 U.S.C. 216(c) and 260] mandate the Court to award plaintiff liquidated damages in an amount equal to the back wages found to be due *unless* the defendants carry their burden of convincing the Court that (1) their violations of the Act were committed in good faith and (2) with reasonable grounds for believing that the acts or omissions leading to the violations were in compliance with the Act. If defendants carry their burden in this regard, the Court in its discretion may award no liquidated damages or may

award such in an amount less than the back wages found to be due.

■ It is clear in this case that defendants understood the requirements of the law but simply made the conscious decision not to abide thereby. Under these circumstances, this Court views as mandatory an award of liquidated damages in an amount equal to the back wages found to be due. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464 (5th Cir.1979); *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 463–465 (D.C.Cir.1977), *cert. denied* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1977); *Williams v. Tri–County Growers, Inc.*, 747 F.2d 121, 129 (3rd Cir.1984).

■ It being further clear to the Court that defendants willfully violated the minimum wage, overtime and recordkeeping provisions of the Act since at least December 1982, and continued such violations even after they had been investigated by the Department of Labor in April of 1984, the plaintiff is entitled to a permanent injunction against such violations.

A final order, including injunctive relief to which plaintiff is entitled, will follow.

### FINAL ORDER

This cause came on for trial before this Court sitting with a jury on the 9th through the 11th days of June, 1987, and this Court heretofore having entered its order on Motions and the Jury's Verdict, now, therefore, in accordance therewith, it is

ORDERED, ADJUDGED and DECREED that the jury verdict in favor of plaintiff heretofore returned on June 11, 1987, and, as modified, incorporated within and into this court's Order on Motion and Jury's Verdict of even date, shall be enforced and that defendants, their officers, agents, servants, and employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201, *et seq.*], hereinafter referred to as the Act, in any of the following manners:

1. They shall not, contrary to §§ 6 and 15(a)(2) of the Act [29 U.S.C. 206 and 215(a)(2)], pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than applicable minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

2. They shall not, contrary to §§ 7 and 15(a)(2) of the Act [29 U.S.C. 207 and 215(a)(2)], employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

3. They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act [29 U.S.C. 211(c) and 215(a)(5)], fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation 29 C.F.R. 516.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that defendants hereby are restrained from withholding payment of back wages in the total amount of $25,930.78, plus $25,930.78 as liquidated damages, due employees for the periods of employment and in the amounts indicated with respect to each, as set forth in Schedule "A" attached hereto. The private rights, under the Act, of any employee of defendants not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Judgment, defendants shall, within 10 days from entry of the Judgment, deliver to plaintiff's attorneys a certified or cashier's check or money order payable to "Wage

and Hour Division—Labor" in the total amount of $51,861.56.

Defendants also shall provide plaintiff's attorneys with a schedule showing their employer I.D. number and the last known address and social security numbers as to each employee listed on Schedule "A".

Plaintiff, thereupon, shall distribute the proceeds of such check, *less* deductions for federal income taxes and employee contributions to FICA, as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by the plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. It is

FURTHER ORDERED that court costs of this action hereby are taxed to the defendants for which execution may issue. The clerk is hereby directed to enter judgment for the plaintiff and against the defendants accordingly.

SCHEDULE A