923 F.2d 854
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elizabeth DOLE, Secretary of Labor, United States Department
of Labor, Plaintiff-Appellee,
v.
James H. (Jim) JOHNSON, individually and d/b/a Lazy Jim's
Groceries and Lazy Jim's Liquors, Defendant-Appellant.
 No. 89-6376.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and WILHOIT, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant, James H. (Jim) Johnson, appeals the assessment of liquidated damages against him for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Secs. 201-219 [hereinafter "the Act" or "the FLSA"]. He contends the trial court erred in finding that he failed to act in good faith with reasonable grounds for believing that he was not in violation of the Act. For the reasons that follow, we affirm.
 
 I.
 
 2
 The appellant began operating a mini-mart and gasoline station named Lazy Jim's Groceries in North Gatlinburg, Tennessee in October 1982. In late 1986, he opened Lazy Jim's Liquors, which occupied the same building as the grocery, but was separated by a wooden wall.
 
 
 3
 United States Department of Labor Compliance Officer Glen J. Sellars met with the appellant in August 1986 in an effort to resolve a wage and hour complaint received from a former employee of one of the businesses. At that time, Mr. Sellars advised the appellant that his establishments were subject to the FLSA and that he was required to pay his employees the minimum hourly wage plus time and a half for all hours over forty worked in a workweek. After further investigation in 1987 into appellant's payroll records, Mr. Sellers advised the appellant that he was in violation of minimum wage provisions.
 
 
 4
 Pursuant to authority granted by Section 11(a) and Section 16(c) of the Act, as amended, 29 U.S.C. Secs. 211(a) and 216(c), the Department of Labor brought suit against the appellant on June 16, 1988. The Department asserted violations of the Act by appellant's willful failure to pay certain employees the minimum wage rate or the overtime wage rate and by not preserving adequate and accurate records. It sought prospective and restitutionary injunctive relief, as well as liquidated damages for nineteen employees.
 
 
 5
 Appellant conceded certain record-keeping and wage violations with regard to many of the employees and did not dispute the Wage and Hour Division's calculation of back wages due, but he denied that his noncompliance was willful or that he should be held liable for liquidated damages. Furthermore, appellant maintained that three of the employees were exempt from the Act because they were managerial employees, and a fourth named individual was exempt because she was employed as an independent contractor.
 
 
 6
 The district court was not convinced that violations which occurred before the compliance officer's August 1986 meeting with the appellant were "willful." Therefore, it did not extend the applicable two-year statute of limitations to three years, as permitted by 29 U.S.C. Sec. 255(a) upon a finding that a violation was willful. The court found, however, that none of the employees was managerial, that the so-called independent contractor was an hourly employee, and that appellant had violated the record-keeping provisions of the Act. Moreover, it found that because the compliance officer informed the appellant of the provisions of the wage and hour act in August of 1986, no violation of the Act occurring after that date could be considered to have been in good faith. Accordingly, the trial court found that all the employees whose claims rested on violations occurring after that date were entitled to liquidated damages.
 
 II.
 
 7
 Section 16 of the FLSA provides for the award of liquidated damages.
 
 
 8
 Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.
 
 
 9
 29 U.S.C. Sec. 216(b). These damages "are compensation, not a penalty or punishment." McClanahan v. Mathews, 440 F.2d 320, 322 (6th Cir.1971). Such an award was mandatory before the enactment of the Portal-to-Portal Act of 1947. "Section 11 of the Portal-to-Portal Act, 29 U.S.C. Sec. 260 (1964), provides a dispensation from the mandatory liability for liquidated damages under certain circumstances." McClanahan v. Mathews, 440 F.2d at 322.
 
 
 10
 In any action commenced ... to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Fair Labor Standards Act ..., if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable ground for believing that his act or omission was not a violation of the ... Act ..., the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.
 
 
 11
 29 U.S.C. Sec. 260 (emphasis added).
 
 
 12
 The "good faith" exception imposes upon an employer a "plain and substantial burden of proving 'good faith' and 'reasonable grounds' " for his failure to comply with the Act. McClanahan v. Mathews, 440 F.2d at 324. Furthermore, "where an employer sustains a substantial burden of proving not only that his violation was in 'good faith,' but also that he had 'reasonable grounds' for believing that he was not violating the Act, the District court nevertheless may award full liquidated damages equal to, and in addition to, the unpaid back wages." McClanahan v. Mathews, 440 F.2d at 322-23.
 
 
 13
 Appellant presents two arguments in support of his contention that the trial court erred in assessing liquidated damages against him. They will be addressed under the appropriate standard of review, that is, whether the district court's findings of fact were clearly erroneous, Fed.R.Civ.P. 52(2), and "whether the district court abused its discretion in declining to remit liquidated damages awarded under the FLSA." Pezzillo v. General Telephone and Electronics Info. Systems, Inc., 572 F.2d 1189 (6th Cir.1978).
 
 III.
 
 14
 First, appellant claims the district court erred in its analysis of the law when it determined that he failed to act in good faith with a reasonable basis for believing that he was not in violation of the Act. He argues that an employer does not fail to act in good faith with a reasonable basis for believing that he is not in violation of the law simply because he disagrees with a wage and hour compliance officer. He cites Brock v. Claridge Hotel and Casino, 846 F.2d 180 (3rd Cir.) cert. denied. --- U.S. ---, 109 S.Ct. 307 (1988), where the court held that "private parties must retain a right to disagree with the Secretary's interpretation of the regulations, especially here, where the question is a close one." Id., at 188 n. 9. Appellant also maintains that the trial court confused the criterion for determining "willfulness" and "good faith" by posting both to the point in time, August 1986, when appellant was put on notice that the FLSA applied to his employees.
 
 
 15
 The district court clearly gave separate treatment to the issues of "willfulness" and "good faith" in its memorandum opinion. Conceding an employer's right to disagree with Wage and Hour, the defendant contends that the appellant has failed to demonstrate any legal error in the district court's use of the compliance officer's meeting as a benchmark, after which appellant bore the burden of proving his good faith. The district court's recitation of the testimony before it, see infra, further supports its determination that the appellant could not rely on a claim of a good faith disagreement with the Secretary over whether appellant violated the Act.
 
 IV.
 
 16
 In his second argument, the appellant contends the trial court erred in applying the law to the facts when it concluded that appellant failed to act in good faith with a reasonable basis for believing that he was not in violation of the Act. First, he asserts that he acted in good faith with reasonable grounds for believing that employees Melvin Otte and Debra Proffitt were exempt from the requirements of FLSA as executive employees. See 29 U.S.C. Sec. 213(a)(1). He also contends that he reasonably and in good faith believed that employee Jody Champoux was also exempt from FLSA as an independent contractor. See 29 U.S.C. Sec. 203(e)(1). The evidence, however, did not indicate that the responsibilities of any of these employees markedly differed from those of the concededly covered employees. The district court, then, did not clearly err in finding that these employees did not fall under the exemptions of FLSA.
 
 
 17
 Johnson further argues that even if the court disagrees with the substance of his position, the district court still erred in ordering him to pay liquidated damages because he believed in good faith and with reasonable basis in the correctness of his position. Appellant asserts that even negligent conduct is insufficient to find an employer failed to act in good faith. He claims the court should have considered that he was an unsophisticated small businessman who thought if he paid a salary of a set amount, he was not in violation of the wage and hour laws. Appellant contends he was acting on legal advice in considering certain employees exempt from the Act. As further evidence of his good faith, he points out that he hired a bookkeeper to help him comply with wage and hour laws.
 
 
 18
 In its review of the pertinent testimony, the trial court observed that prior to appellant's seven years as the proprietor of Lazy Jim's Groceries, he worked for twenty years in banking and real estate. He also has three years of college education. These facts belie appellant's claim of a lack of sophistication. In addition to the misinformed advice of his previous attorney, deceased at the time of trial, appellant relied on the opinion of local business associates as to what steps he needed to take to be entitled to the managers exception to the wage and hour law. These justifications for appellant's claim of good faith and reasonable grounds, even if merely negligent, pale in effect after the Wage and Hour Compliance Officer's admonitions in August of 1986.
 
 
 19
 Furthermore, as noted by the trial court, Mr. Sellars testified that appellant was uncooperative in producing his payroll records during the investigation. As to appellant's efforts to comply with the wage and hour laws by hiring a bookkeeper, the record shows he did not hire her until two years after the initial investigation and over one month after suit was filed. These facts do not militate in favor of appellant's good faith.
 
 V.
 
 20
 Based upon our review of the record, and according "due regard to the opportunity of the trial court to judge the credibility of the witnesses," Fed.R.Civ.P. 52(a), the trial court's findings of fact cannot be held clearly erroneous. We conclude that its award of liquidated damages did not constitute an abuse of discretion.
 
 
 21
 For the above reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States Judge for the Eastern District of Kentucky, sitting by designation