Stephen S. ADAMS, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 90–162C, 90–183C, 90–195C, 90–207C, 90–226C, 90–251C, 90–274C, 90–281C, 90–313C, 90–319C, 90–332C, 90–342C, 90–365C, 90–366C, 90–396C, 90–397C, 90–404C, 90–405C, 90–448C, 90–457C, 90–458C, 90–510C, 90–525C, 90–526C, 90–533C, 90–632C to 90–636C and 90–638C.

United States Claims Court.

Nov. 13, 1990.

Jules Bernstein, Washington, D.C., for plaintiffs. Linda Lipsett, of counsel.

Shalom Brilliant, with whom were Asst. Atty. Gen. Stuart M. Gerson and David M. Cohen, Washington, D.C., for defendant.

## ORDER

BRUGGINK, Judge.

This action is pending on plaintiffs' motion to compel discovery. Based on the written and oral argument, and for the reasons expressed herein, the motion is granted in part and denied in part. Plaintiffs in these consolidated actions are over 4,000 present or former Special Agents in Series 1811 positions. Because the issue of relevance surfaces in connection with the following discussion, the court notes that the complaint advances four grounds for liability. The first is that those plaintiffs holding positions at GS–9 or above were improperly treated as exempt from overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201–219 (1988). The second is that some plaintiffs were denied FLSA overtime because time taken for annual, sick, court, holiday or military leave has not been included in "hours worked." Third, when plaintiffs took such leave, they contend they were improperly denied pay and other benefits. Finally, they contend that because they have been denied access to overtime pay, they have been denied other benefits including pension contribution and insurance benefits.

*Interrogatory 1*

In Interrogatory 1, plaintiffs ask defendant for the names and last known home addresses of every federal employee in each of six agencies who occupies or has since March 16, 1983 occupied any of the same positions as plaintiffs. Plaintiffs assert there are thousands of persons, living and dead, who fit this description. If the employee is deceased, the name of the legal representative is requested. The purpose of the request is to enable counsel to send notices of the pendency of this suit to those individuals. The request was modified somewhat during briefing and oral argument. Plaintiffs are willing to have notices

(crafted cooperatively and with court approval) sent directly by the various agencies. This concession is in response to the Government's concern about security breaches. Many employees at issue are in sensitive security or law enforcement positions.

As support for this request, plaintiffs point to the Supreme Court's decision in *Hoffman–La Roche Inc. v. Sperling,* — U.S. ——, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). The Court in that Age Discrimination in Employment ("ADE") action was asked to review the decision of the district court authorizing and facilitating notice of the action. The ADE Act of 1967 incorporates certain provisions of the FLSA, most particularly 29 U.S.C. § 216(b). 29 U.S.C. § 626(b) (1988). That FLSA provision authorizes suits by "one or more employees for and in behalf of themselves and other employees similarly situated." It further provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). It follows that an action pursuant to section 216(b), while not a traditional rule 23 class action, has elements of an opt-in class action.

The Court in *Hoffman–La Roche* held that trial courts "have discretion, in appropriate cases, to implement [section 216(b)] by facilitating notice to potential plaintiffs." 110 S.Ct. at 486. The "facts and circumstances" of that case illustrated "the propriety, if not the necessity, for court intervention in the notice process." *Id.* The Court pointed to Congress' interest in permitting ADE employees to proceed collectively and thereby maximize efficient resolution of common issues of fact and law. Other than the general advantages inherent in class treatment, the only particular circumstance pointed to in that case was that the defendant had objected to the form of notice sent out by plaintiffs. Beside the Court's limited holding that the district court's order was within its discretion, the decision provides little assistance in distinguishing when that discretion

should be exercised. It is clear, in any event, that the suggestion by plaintiffs here that *Hoffman–La Roche* mandates notice is clearly incorrect.

Plaintiffs also point to the decision of the Federal Circuit in *United States v. Cook,* 795 F.2d 987 (Fed.Cir.1986). There the appellate court affirmed the decision of the district court in a FLSA action requiring disclosure of employee names and addresses. Court ordered notice was not directly at issue in that case, although the only purpose offered for the names was to facilitate plaintiffs' contact with other potential class members. After holding that the discovery order was permissible, the court went on to consider whether it was an abuse of discretion. The court noted that the defendant provided no real argument in that regard. Nevertheless, the court notes that the degree of burden placed on the responding party is a relevant consideration although the relative burden on defendant in that case was light.

■ Defendant opposes either production of names or compelled notice. It correctly observes that neither *Hoffman–La Roche* nor *Cook* hold that plaintiffs in an action brought under section 216(b) have a right to bring in additional parties. This court draws from these decisions that, under the proper circumstances, it advances the Congressional intent expressed in the FLSA to facilitate joinder of non-parties.

■ Upon consideration of plaintiffs' arguments in favor of court-ordered notice, the court declines to grant the motion to compel for a number of reasons. The first is that plaintiffs have provided no reason for the court to exercise its discretion. There is no presumption that the court ought to facilitate expansion of the plaintiff group. Further, they have not argued that extra-judicial notice is impossible or that the claims are so small as to discourage additional suits. Second, this case is

dissimilar to *Hoffman–La Roche* and *Cook* in that there is not a relatively narrow, well-defined issue or pre-defined group of people involved. Recovery is sought under four distinct theories. Although all the present plaintiffs are Series 1811 Special Agents, their circumstances are different in relevant ways. Each theory of recovery applies only to its own subgroup. Subgroups overlap but they are not concentric. Each theory of recovery is employee-specific. As counsel for plaintiffs pointed out during oral argument, the issue of whether plaintiffs are exempt or non-exempt, for example, may turn on circumstances unique to a given individual.[1] In addition, some plaintiffs are subject to collective bargaining agreements, thereby implicating *Carter v. Gibbs,* 909 F.2d 1452 (Fed.Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 46, 112 L.Ed.2d 22 (October 1, 1990) (collective bargaining agreement is exclusive means for addressing covered overtime pay disputes). The court is persuaded that the type of self-selection process envisioned by a mass notice is inappropriate in the circumstances of this case. Finally, as the court has indicated in connection with a request for class certification in similar circumstances, *Armitage v. United States,* 18 Cl.Ct. 310 (1989), the fact that the United States is the defendant suggests a greater likelihood that results of litigation will be applied, at least prospectively, beyond the parties to the suit. *Id.* at 314–15.

### The Request for Production

Items 1, 2, 3, 6, 7, 8, 18, 21, 22 and 23. Defendant claims to have produced all such documents which are not privileged. It makes no claim of non-relevance. Plaintiffs' motion does not specifically address these items, except insofar as it requests a list of the documents which defendant claims are privileged. The motion is granted in that respect. Because of the possibil-

---

1. Exemption determinations are fact-intensive inquiries which frequently turn on the particular duties of specific employees. *See Walling v. General Indus.,* 330 U.S. 545, 550, 67 S.Ct. 883, 885, 91 L.Ed. 1088 (1947); *Mitchell v. Williams,* 420 F.2d 67, 69 (8th Cir.1969); *Christenberry v. Rental Tools, Inc.,* 655 F.Supp. 374, 377 (E.D.La.

1987), *aff'd without opinion,* 851 F.2d 1419 (5th Cir.1989); *Pezzillo v. Gen. Tel. & Elecs. Info. Systems, Inc.,* 414 F.Supp. 1257, 1268 (M.D. Tenn.1976), *aff'd,* 572 F.2d 1189 (6th Cir.1978); *Hickman v. United States,* 10 Cl.Ct. 550, 551 (1986).

ity that plaintiff will not insist on production of some of the listed items, the court will defer consideration of the privilege arguments absent a specific motion to compel or motion for protective order.

■ Item 4. This requests "All communications from and to the United States Department of Labor (DOL) by the agencies from 1985 to the present regarding the position of DOL that criminal investigators or special agents employed by States are non-exempt under FLSA." Plaintiffs are persuaded that the DOL has taken a position with regard to the exemption status of criminal investigators that is inconsistent with the agencies' treatment of these plaintiffs as not eligible for overtime pay. It is clear that Congress expected OPM to enforce the FLSA with respect to federal employees in a way that is consistent with enforcement by the DOL of the FLSA in the private sector.[2] The information sought would be of dubious relevance, however, unless the positions at issue here are the same as those as to which the DOL has expressed a view in a way that is clearly contrary to the Government's view. Plaintiff has not shown that such a connection exists between the positions in the federal and non-federal sectors. Also the DOL view would have to be expressed through a vehicle that, to use plaintiffs' terminology, "applies" to the Federal Government. Plaintiffs' request is not designed to get access to regulations or rulings of the DOL. Those in any event would be in the public domain. Knowledge by the agencies of DOL's views as to the particular positions at issue could be relevant, however, to plaintiffs' contention that they are entitled to an enhanced limitations period under 29 U.S.C. § 255(a) (1988) or to a defense under 29 U.S.C. § 260 (1988) (both relating to wilfulness). In order to ensure that the documents sought would be relevant, the court modifies the request to the following interrogatory and request for production: "Have any of the agencies requested, or otherwise received advice from the DOL regarding the exemption status of

Series 1811 criminal investigators? If yes, provide the appropriate documents."

Item 5 has been produced.

■ Item 9. This request is for any document related to recruitment or employment of individuals for Series 1811 positions. Defendant objects to item 9 on grounds of irrelevance and overbreadth. The court agrees that the request is overbroad, but finds that it is relevant. One of the issues raised in the complaint is whether plaintiffs are exempt because of their supervisory duties. This request could conceivably be used to discover evidence circumstantially probative of what plaintiffs do. Defendant is directed to furnish all brochures or advertisements used to recruit Series 1811 Special Agents within the last five years.

Items 10 through 14. These all relate to retirement eligibility of law enforcement officers pursuant to 5 U.S.C. § 8336 (1988). Plaintiffs argue that any information relating to determination of whether persons in their position are considered supervisory or administrative within the meaning of 5 U.S.C. § 8331(20) (1988) is relevant to whether they are exempt from overtime pay as supervisors under section 213 of the FLSA. Given the non-applicability of these retirement provisions to section 213 determinations, plaintiffs have not justified the broadly phrased requests. However, because plaintiffs' position descriptions are highly relevant, as defendant concedes, to the exemption issue raised in the complaint, information generated in connection with 5 C.F.R. § 831.907 (1990) would be relevant. That provision calls for an agency requesting "primary" status in connection with retirement eligibility of a particular position to annotate the position description to show the percentage of time spent performing various duties. The four document requests are modified into the following interrogatory and request: "Have any of the agencies requested, pursuant to 5 C.F.R. § 831.907, an OPM determination that the Series 1811 positions held by named plaintiffs be designated as primary

---

**2.** *See Riggs v. United States,* 21 Cl.Ct. 664, 680 (1990) (citing, *American Fed'n of Gov't Employ-*ees v. OPM, 821 F.2d 761, 770–71 (D.C.Cir. 1987)).

positions? If yes, provide the documentation furnished by the agency in compliance with 5 C.F.R. § 831.907." The court assumes that, to the extent such requests have been made, they are generic to large numbers of employees. If that assumption is incorrect, defendant may provide a representative sample of documents, along with an indication of the total number of requests made.

■ Requests 15, 16, and 20. The first request asks for "[a]ll documents referring or relating to testimony before Congress with regard to the agencies' budget, operations and personnel (other than OPM)." The second asks for "[a]ll annual or semi-annual reports prepared by the agencies and documents related thereto." The third asks for "documents which relate to occupational positions at grade levels GS 9–13 which defendant has classified as FLSA non-exempt, including the position descriptions thereof." The defendant has produced some documents in response to these requests although the defendant objected in writing and at oral argument on grounds of irrelevance and overbreadth. The .motion is denied with respect to these requests to the extent they ask for materials beyond those already furnished. The material requested is too far removed from what might be relevant to the issues raised.

Request 17. This request asks for "[a]ll personnel, administrative and operations manuals of the agencies (other than OPM). Despite written and oral objections on grounds of irrelevance and overbreadth, defendant has produced indices to some of these manuals. Defendant has also represented that it will furnish additional indices not yet produced, although some may have sensitive information redacted. The motion is granted as to the redacted versions of these additional indices.

Request 19. This request relates to a possible defense under 29 U.S.C. § 259 (1988). The court denies the motion without prejudice to reassertion in the event the court rules that defense to be available.

Defendant is directed to respond to the discovery allowed under this order on or before December 10, 1990.

It is so ORDERED.