[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12318

_____

D.C. Docket No. 00-02059–CV-CC-1

RALPH COOPER,

Plaintiff-Appellee,

versus

FULTON COUNTY, GEORGIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 7, 2006)**

Before EDMONDSON, Chief Judge, KRAVITCH, Circuit Judge, and
MIDDLEBROOKS,* District Judge:

_____

* Honorable Donald M. Middlebrooks, United States District Judge for the
Southern District of Florida, sitting by designation.

MIDDLEBROOKS, District Judge:

Ralph Cooper ("Cooper") brought this action against his former employer, Fulton County, Georgia ("the County"), alleging that the County violated the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"), when it terminated him for failing to provide medical certification for an absence within six days of the County's written request. The district court granted summary judgment in favor of Cooper on the issue of liability. Following a bench trial, the district court awarded Cooper $248,828.41 in back pay, $58,031.59 in pension contributions, and liquidated damages. Fulton County now appeals. For the reasons stated below, we affirm.

Cooper was employed by Fulton County for nearly twenty years, first for the Public Buildings Department, then for the Fulton County Superior Court, and finally, from January to August of 1998, the Fulton County State Court. Beginning in the 1980s, Cooper developed depression and other health problems which led to repeated absences from work. For these absences, Cooper was reprimanded, suspended and, on at least two occasions, threatened with termination for failing to contact his supervisor or provide medical documentation for his absence.

On June 22, 1998, Cooper went to the hospital complaining of chest pains.

He did not report for work that day, and for several days thereafter. On July 6, 1998, Court Administrator Robert E. Cochran had a letter hand-delivered to Cooper, advising that County policy required an original signed doctor's excuse for each day of his continuous absence. Cochran wrote that if Cooper did not return to work or provide the required doctor's excuse by July 8, 1998, he would declare Cooper's position abandoned for failure to comply with County policies. If Cooper complied, he would be placed on "twelve weeks leave for family purposes involving your serious illness," effective June 22, 1998. On July 8, 1998, Cooper provided certificates from a medical clinic which accounted for his absences and stated that he could return to work on July 13, 1998. Cochran was satisfied, and did not request further documentation.

On July 13, 1998, Cooper reported to work. However, approximately two hours into the work day, Cooper told supervisor Laura Miller that he was too ill to work. Cooper's brother came to pick him up. Later that morning, Miller left a phone message for Cooper requesting that he provide a doctor's excuse for his early departure that day, and for any absence thereafter.

On July 14, 1998, Cooper faxed Cochran a letter requesting family leave due to blurred vision, extreme headaches and "passing out." Miller again called Cooper to advise him of the need for a written medical excuse. Cooper did not

3

respond.

On August 4, 1998, Cochran had another letter hand delivered to Cooper, instructing him to provide medical certification for his absence by August 10, 1998. Cooper obtained a letter from his doctor dated August 7, 1998, but did not immediately deliver the letter to Cochran. By letter dated August 10, 1998, Cochran notified Cooper that he was terminated effective August 12, 1998. The next day, Cooper faxed and mailed his doctor's letter to Cochran.

The Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"), entitles eligible employees to take up to twelve (12) workweeks of leave during any twelve (12) month period because of "a serious health condition." 29 U.S.C. § 2612(a)(1)(D). Implementing regulations require employers to furnish employees with written guidance about their rights and obligations under the statute, as well as written guidance about the employer's specific policies relative to FMLA leave. See 29 C.F.R. § 825.301.

Employers may require that employees furnish medical certification to verify eligibility for leave. 29 U.S.C. § 2613(a). Employers must provide notice of such a requirement, and of the anticipated consequences for failing to comply, every time an employee requests FMLA leave. See 29 C.F.R. § 825.305(d). This notice must be written unless the employee has, within the preceding six months,

4

been given the required written notice regarding the FMLA and the employer's specific FMLA policies. Id. at § 825.301(c)(2)(ii). Otherwise, subsequent oral notification is sufficient. Id. When the leave is unforeseeable, employers must allow employees at least fifteen (15) calendar days to comply with a request for certification. Id. at § 825.305(b).

In this case, the district court found that Cooper's July 14, 1998 request for FMLA leave required the County to provide written notification of its certification requirement and allow Cooper fifteen days to comply. The district court concluded that the County violated the FMLA when it terminated Cooper on August 12, 1998, because the County's August 4, 1998 letter allowed Cooper only six days to supply the required certification. We review the district court's grant of summary judgment de novo. See Perrino v. Southern Bell Tel. & Tel. Co., 209 F.3d 1309, 1314-15 (11th Cir. 2000).

I.

The County argues that its actions did not violate the FMLA for two reasons. First, the County argues that Cooper failed to notify the County that his July 13, 1998 absence was due to a potentially FMLA-qualifying reason. Second, the County argues that its oral request for certification on July 13, 1998 was sufficient under the FMLA, and that it therefore afforded Cooper more than fifteen

days to comply.

Cooper's communications with his employer were sufficient to give notice that his July 13, 1998 leave was due to a potentially qualifying reason under the FMLA. Cooper advised his supervisor on July 13, 1998 that he was leaving work due to illness. By letter dated July 14, 1998, Cooper expressly requested family leave due to blurred vision, extreme headaches and passing out. Cooper was not required to mention the FMLA or expressly assert rights under the statute in order to invoke it. See 29 C.F.R. § 825.303.

The County's reliance on Gay v. Gilman Paper Co., 125 F.3d 1432 (11th Cir. 1997) is misplaced. In Gay, we found that an employee who went to the hospital due to a nervous breakdown did not give her employer adequate notice that her absence was due to a potentially FMLA-qualifying reason, where the employee's husband told her supervisor only that she was in the hospital for some tests, and lied about her location and condition. Here, the County was already aware of Cooper's history of medical problems, and had been prepared to place him on FMLA leave for his absence beginning June 22, 1998. When Cooper again left work on July 13, 1998, he did not mislead the County about the reason for his absence, but rather advised that he was ill and promptly requested family leave due to illness.

6

Upon receiving Cooper's July 14, 1998 request for FMLA leave, the County was required to give Cooper written notice of its medical certification requirement, advise him of the consequences for failing to comply, and allow fifteen days to provide the certification.

The County's oral request for certification on July 13, 1998 was not sufficient because the County had not provided Cooper with written guidance on the FMLA or the County's medical certification requirement (and consequences for failure to comply) within the preceding six-month period. See 29 C.F.R. § 825.301(c).

The County argues that its July 6, 1998 letter to Cooper constituted adequate "written guidance" under the notice provisions of the FMLA and implementing regulations. This argument fails. First, the July 6, 1998 letter did not provide Cooper with any guidance on his rights or obligations under the FMLA. Second, the requirements outlined in the letter were themselves not in compliance with the FMLA, allowing Cooper only two days to provide medical certification. Although the letter made reference to compliance with County policies, the only written policy provided to Cooper within the preceding six months was the State Court's Guidelines on Tardiness and Absenteeism. The Guidelines did not provide guidance on rights and obligations under the FMLA,

7

nor did they give notice that an employee may be terminated for failing to provide medical certification.

The County's August 4, 1998 letter only allowed Cooper six days to provide the required medical certification. Because this requirement was not in compliance with the FMLA, the County was not entitled to take action against Cooper for failing to comply within the time allowed.

The County argues that it should not be held strictly liable for its failure to comply with the FMLA, given Cooper's history of absenteeism and his failure to provide medical certification on prior occasions. The County cites Throneberry v. McGehee Desha County Hosp., 403 F.3d 972 (8th Cir. 2005) in support of its position. In Throneberry, the Eighth Circuit held that an employer who interferes with an employee's FMLA rights will not be liable if the employer can prove it would have made the same decision had the employee not exercised those rights.

The question of whether employers may be held strictly liable for violations of the FMLA has not been resolved in this Circuit. We need not reach the issue in this case, however, because the County did not raise the "same decision" theory as a defense, argue it in the court below, or assert that it would have made the same decision to discharge Cooper even if he had not exercised his FMLA rights. See EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir.2000)("[f]ailure to raise an

8

issue, objection or theory of relief in the first instance to the trial court generally is fatal")(citation omitted).

## II.

Fulton County next contends that, even if it did violate the FMLA, the district court erred in awarding Cooper liquidated damages.

Liquidated damages are awarded presumptively to an employee when an employer violates the FMLA, unless the employer demonstrates that its violation was in good faith and that it had a reasonable basis for believing that its conduct was not in violation of the FMLA. See 29 U.S.C. § 2617(a)(1)(A)(iii).

We review the district court's award of liquidated damages for abuse of discretion. See Chandler v. Speciality Tires of America (Tenn.), Inc., 283 F.3d 818, 827 (6th Cir. 2002) accord Thorson v. Gemini, Inc., 205 F.3d 370, 384 (8th Cir. 2000). The district court's findings will be reversed only if clearly erroneous. Nero v. Indust. Molding Corp., 167 F.3d 921, 928 (5th Cir. 1999).

In this case, the district court determined that the County acted in good faith, but that it did not have a reasonable basis for believing that its conduct was lawful. The court based its "reasonableness" determination on a number of evidentiary facts adduced at the bench trial on damages. The court found that Cochran never consulted the FMLA or its implementing regulations. Although

9

Cochran consulted with personnel director Robert O. Brandes regarding Cooper's situation, the court found that Brandes also had not read the statute or regulations. Neither Cochran nor Brandes consulted with an attorney, contacted the Department of Labor ("DOL"), or reviewed any of the DOL's advisory opinions before terminating Cooper. Cochran had no reasonable basis for giving Cooper only six days to provide medical certification. In short, while Fulton County was subjectively attempting to deal with Cooper in good faith, the district court found that its conduct was not objectively reasonable. We conclude that the district court did not abuse its discretion in making these findings and awarding liquidated damages.

The County argues that the district court abused its discretion by not finding that the same conduct evincing the County's good faith also established the reasonableness of its conduct. As the Sixth Circuit reasoned in Chandler, however "[t]he employer must . . . show both good faith and reasonable grounds for the act or omission" to rebut the presumption in favor of liquidated damages. Chandler, 283 F.3d at 827 (citing Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 968 (6th Cir. 1991)). In other words, if, as here, the employer subjectively acted in good faith but its conduct was objectively unreasonable, then it is not an abuse of discretion to award liquidated damages. AFFIRMED.