961 So.2d 982 (2007)
Angela V. PATTERSON, Appellant,
v.
BROWNING'S PHARMACY & HEALTHCARE, INC., Appellee.
No. 5D06-1572.
District Court of Appeal of Florida, Fifth District.
June 22, 2007.
Rehearing Denied July 25, 2007.
*983 Wayne L. Allen of Allen & Arcadier, P.A., Melbourne, for Appellant.
Allan P. Whitehead of Frese, Hansen, Anderson, Heuston & Whitehead, P.A., Melbourne, for Appellee.
THOMPSON, J.
The trial court's final judgment in this Family and Medical Leave Act[1] lawsuit transformed Angela Patterson's favorable jury verdict[2] to a negative judgment after it struck the liquidated damages portion of the verdict. We reverse the order striking liquidated damages and final judgment and remand for a new trial on damages because the mitigation amount fails to comport with the manifest weight of the evidence.
Mrs. Patterson alleged that her employer, Browning's Pharmacy & Healthcare, Inc., committed unlawful employment practices under the FMLA when it restrained, interfered and denied her right to a leave of absence when her husband required quadruple bypass surgery. The jury found that Browning's violated the FMLA to Mrs. Patterson's prejudice. It accepted her valuation of back pay and awarded her that amount and a like amount in liquidated damages.
At this stage of the proceedings, however, the jury's damages calculation went awry. In FMLA and other employment law cases, a failure to diligently seek new employment precludes an award of back pay for the period during which employment was not sought. See, e.g., Miller v. AT & T Corp., 250 F.3d 820, 838 (4th Cir.2001). The instruction on duty to mitigate *984 tells the jury to reduce the amount of damages by the amount the plaintiff could have reasonably realized if she had taken advantage of reasonable opportunities for substantially equivalent employment. The completed part of the verdict form on damages reads:

 Question Four-Damages
 What is the amount of damage that Plaintiff
 should be awarded:
 A. Back Pay Damages (include
 interest): $125,486.72
 ----------
 B. Liquidated Damages (should be
 the same as A.): $125,486.72
 ----------
 C. Reduction of Damages for failure
 to mitigate $167,994.40
 ----------
 TOTAL DAMAGES AWARDED**: $ 82,879.04
 ----------
 **The total of parts A and B less
 C.

One cannot isolate the source of the problem, whether fault lies with an imprecise damages instruction or a defective verdict form, or both.[3] Had the instruction specified that any mitigation reduced the first line regarding back pay, this problem would not have arisen. Along the same line, if the verdict form specified in its formula that the mitigation amount reduced part A and that the net amount equaled liquidated damages in part B, no miscalculation would have resulted.
In any event, the jury's monetary finding on Mrs. Patterson's failure to mitigate is not supported by the manifest weight of the evidence. The only evidence of Mrs. Patterson's request for damages was her testimony and 2001 W-2 statement of earnings showing gross income of $29,286.72. She sought four years' back pay from 11 February 2002 through the February 2006 trial date, and that amount with interest totaled $125,438.68. There was no evidence to support a conclusion that she could have mitigated her damages through employment that paid more than she was earning at Browning's. The jury could have found Mrs. Patterson should have mitigated her damages by an amount equal to her back pay of $125,486.72, or any lesser amount. There is no evidentiary basis for the jury's finding that she should have mitigated her damages by $167,994.40.
Post-trial, the court, when presented with the opportunity to strike the liquidated damages portion of the verdict, expressed its consternation over the verdict:
The jury found a violation. We can only guess as to the exact basis for that. They either found that she did, in fact, ask for a leave, or that she did not ask for a leave, but provided sufficient information to the employer that their obligate [sic]in either event, enough information exchanged that their obligation to affirmatively advise her as to her FMLA rights until a leave came up and the employer failed to do so.
It is my conclusion that the employer never did figure out that they had done anything wrong until being advised months later, and certainly there was nothing they could do about it at that point other than try to assist her in the part time to the extent they had it. I conclude they did, in fact, proceed in good faith, and as they were doing what they did, had no reason to believe, reasonable groundsthey had no reason to believe they were violating the Act; had reasonable grounds to believe they had *985 not. I feel compelled based upon that to strike the liquidated damages.
Its ruling produced a verdict of negative $42,507.68 or zero. Mrs. Patterson argued below in post-trial motions that the jury's calculation of a mitigation reduction failed to comport with the manifest weight of the evidence. But, after the trial court considered Mrs. Patterson's motion for a new trial on damages and remittitur of the mitigation amount, the trial court denied relief and entered a final judgment.
A verdict comes to an appellate court clothed with a presumption of regularity and should not be disturbed if supported by the evidence. Deklyen v. Truckers World, Inc., 867 So.2d 1264, 1266 (Fla. 5th DCA 2004). We review a trial court's award of liquidated damages for an abuse of discretion. Cooper v. Fulton County, 458 F.3d 1282, 1287 (11th Cir. 2006); Hite v. Vermeer Manu. Co., 446 F.3d 858, 868 (8th Cir.2006). The trial court's rulings will be reversed only if clearly erroneous. Cooper, 458 F.3d at 1287.
29 U.S.C. § 2617(a) provides for the employer's liability under FMLA and specifies that the employer shall be liable for back pay with interest and an additional amount of liquidated damages equal to the back pay and interest amount. It further provides that the court may reduce, in its discretion, only the liquidated damages amount when the employer proves to the trial court's satisfaction that the act or omission that violated 29 U.S.C. § 2615 was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615. The statute does not allow a reduction in liquidated damages to lessen the back pay and interest element of damages. The court may reduce the liquidated damages award to only compensatory damages if the employer proves the good faith and reasonable grounds prerequisite set out in the statute Chandler v. Specialty Tires of Am., Inc., 283 F.3d 818, 827 (6th Cir.2002) (emphasis added).
In this case, the verdict does not comport with the manifest weight of the evidence, and the trial court's post-trial rulings result in a verdict that does not comply with FMLA regarding entitlement to damages. The trial court abused its discretion in reducing the damages to an amount less than the award of compensatory damages and interest. Because its ruling is clearly erroneous, we must reverse.
The employer must show both good faith and reasonable grounds for the act or omission. Chandler, 283 F.3d at 827. The Eleventh Circuit in Cooper cited the Sixth Circuit's decision in Chandler and held that the same conduct evincing the employer's good faith did not establish the reasonableness of its conduct. In that case, the court administrator never consulted the FMLA or its implementing regulations and though he consulted the personnel director regarding the employee's situation, the court found that the director had not read the statute or regulations. Neither superior consulted with an attorney, contacted the Department of Labor, or reviewed any of the DOL's advisory opinions before terminating the employee. Though the district court found that the employer had acted in subjective good faith, these factors demonstrated that the employer's conduct was not objectively reasonable. To avoid a liquidated damages award, the defendant bears the burden of establishing that it acted with subjective good faith and that it had an objectively reasonable belief that its conduct did not violate the law. Hite, 446 F.3d at 868. The good faith requirement *986 demands that the defendant establish that it honestly intended to ascertain the dictates of the FMLA and to act in conformance with it. Id. In making a decision whether to award liquidated damages, the trial court should exercise its discretion consistently with the strong presumption under the statute in favor of doubling. Id. at 868-69.
Federal law requires that the employer notify the employee of FMLA entitlements and employee obligations through its employee handbook and also provide the employee with written notice detailing the specific expectations and obligations of the employee and explaining the consequences of a failure to meet these obligations. 29 C.F.R. § 825.301(a)(1), (b)(1). The notice shall be given within a reasonable time after notice of the need for leave is given by the employeewithin one or two business days if feasible. 29 C.F.R. § 825.301(c). When a medical emergency requires an employee to care for a family member's serious health condition, written advance notice pursuant to an employers' internal rules and procedures may not be required when FMLA leave is involved. 29 C.F.R. § 825.303(a). In such a case, the employee should provide notice to the employer either in person or by telephone or other electronic means. 29 C.F.R. § 825.303(b). The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed. Id.
In this case, Browning's violated the FMLA by failing to explain FMLA benefits and leave rights to Mrs. Patterson when she requested leave. See Dodgens v. Kent Mfg. Co., 955 F.Supp. 560 (D.S.C. 1997). This failure constitutes actionable interference with the employee's ability to meaningfully exercise her right to FMLA leave, if the employee can show resulting prejudice. Conoshenti v. Public Svc. Elec. & Gas Co., 364 F.3d 135 (3rd Cir.2004). An employee's notice to the employer of a spouse's serious medical condition alone triggers the requirement that the employer provide a detailed FMLA notice.
The specific "act or omission" is the focus of the two-step analysis of good faith that allows the trial court to reduce liquidated damages. The question is whether the specific act or omission violated section 2615. Hence, the objective inquiry here was whether Browning's demonstrated reasonable grounds for believing that its failure to give Mrs. Patterson a detailed FMLA notice was not a violation of section 2615. The evidence demonstrated that Browning's human resources staff did not know any such requirement and made no attempt to learn any FMLA requirements or obligations. The burden was on Browning's to show a pattern of good faith inquiry and consideration of whether it was obligated to supply Mrs. Patterson with proper FMLA notice within a few days of 2 February 2002.
The trial court's ruling fails to satisfy the objective standard to reduce liquidated damages. First, the gist of the ruling deals with the court's view of the plaintiff's credibility. Second, the court reasoned that it does not believe that Mrs. Patterson asked for leave, but that she indicated initially that she had a serious medical problem with her husband and wanted to assist him and care for him. FMLA regulations do not require Mrs. Patterson to ask for leave; the burden is on the employer to provide the proper notice of FMLA rights and obligations when the employee informs the employer, even by telephone, of the serious medical condition of the employee or employee's spouse or child. Browning's human resource officer testified that Mrs. Patterson advised him of her need to assist her husband for four to six weeks. Mrs. Patterson testified that *987 she desired the benefit of her accrued leave to allow her the time to assist with her husband's recuperation. Even assuming, however, that Browning's human resource department offered her leave, a disputed fact, it had already violated FMLA because it received sufficient notice to trigger the employer's duty to supply a detailed FMLA notice. The fact that Browning's may have offered her leave does not defeat Mrs. Patterson's entitlement to damages. No one in human resources made any effort to determine what rights Mrs. Patterson had, if any, or whether they were complying with the law. Browning's did not demonstrate objective good faith because it, as the trial court's findings indicate, took no action at all to learn about the employee's FMLA rights.
Accordingly, we REVERSE the final judgment and order striking liquidated damages and REMAND for a new trial on damages.
PLEUS, C.J. and SAWAYA, J., concur.
NOTES
[1] Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA").
[2] The jury awarded Mrs. Patterson $125,486.72 in back pay, $125,486.72 in liquidated damages, and determined that she should have mitigated her damages by an amount of $167,994.40, for a net verdict of $82,979.04.
[3] Mrs. Patterson surmises that the jury doubled the mitigation deduction because it assumed she would be entitled to the total of back pay and liquidated damages as reduced by the mitigation amount. Half of the jury's mitigation deduction is $83,997.20, which, when offset against back pay, equals $41,489.52. The jury awarded total damages of $82,879.04, equal to the aforesaid net amount of back pay plus an equal amount for liquidated damages.