[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 24, 2008
THOMAS K. KAHN
CLERK

_____

Nos. 08-12827
Non-Argument Calendar

_____

D. C. Docket No. 05-00131-CV-GMF-4

RICHARD J. KNOX,

                                               Plaintiff-Appellant,

versus

CESSNA AIRCRAFT COMPANY,

                                               Defendant-Appellee,

_____

No. 08-13046
Non-Argument Calendar

_____

D. C. Docket No. 05-00131-CV-GMF-4

RICHARD J. KNOX,

                                               Plaintiff-Appellee,

versus

CESSNA AIRCRAFT COMPANY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

**(November 24, 2008)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Richard Knox challenges the summary judgment in favor of Cessna Aircraft Company and against his complaint under the Family Medical Leave Act. Cessna also appeals. We affirm the summary judgment in favor of Cessna and dismiss the appeal by Cessna.

## I. BACKGROUND

On Saturday, September 3, 2005, Knox was injured while riding a four-wheel all-terrain vehicle. Knox did not seek medical assistance over the Labor Day weekend and reported for work at Cessna at 6:00 a.m. on Tuesday, September 6. Later in the day, Knox asked for leave to visit the police station and his insurance agent to discuss a stolen all-terrain vehicle.

On September 7, Knox left work early for an appointment with Greg Parker, M.D. Knox complained to Dr. Parker of back pain radiating from his left hip and attributed the discomfort to his accident. Knox did not report for work on Thursday and underwent a CT scan as ordered by Dr. Parker. On Friday, Dr. Parker told Knox over the phone that his CT scan revealed no internal injuries. Knox stated that his pain had improved and asked if he could go bow hunting for deer on Saturday. Dr. Parker approved the sport, but cautioned Knox to use his judgment about the extent of his activities. Knox did not seek medical attention over the weekend.

On Monday, September 12, Knox returned to Cessna with a doctor's note stating that he could resume work with no restrictions. Mid-morning, Knox complained to Cessna's nurse that he felt "fuzzy headed" because of a narcotic he had taken. The nurse advised Knox that he could either take a non-prescription pain medication and remain at work or obtain a doctor's note stating that he was unable to work. Later in the day, Knox asked the Director of Human Resources for an application for leave under the Family Medical Leave Act. Knox completed the form and was instructed to have his doctor complete the Certificate of Medical Provider form and return the form to Cessna. That afternoon, Dr. Parker signed a note that extended Knox's return to work date to September 19, 2005.

3

Knox did not appear for work on September 13, 14, or 15. Cessna employment policy states that "Three days of 'no call, no show' absences (consecutive or within a 12 month rolling period) will result in termination." After a peer review hearing, Knox was terminated.

On September 30, 2005, counsel for Knox wrote a letter to Cessna and complained that Knox's termination violated the Family Medical Leave Act. Knox requested that Cessna reinstate him with full pay. Six days later, Cessna responded that it would review Knox's employment file and provide a response. In its response, Cessna stated that Knox failed to return the Certificate of Medical Provider form.

In mid-October, Cessna offered to reinstate Knox to his former position and rate of pay, but without back pay. Knox refused to return to work without back pay. Cessna offered to reinstate Knox without a waiver of his claim for back pay. Knox accepted the reinstatement with the conditions that Cessna allow him to take a hunting trip, even though he had no leave, and Cessna expunge his disciplinary record. Cessna renewed its offer to reinstate Knox with the right to pursue his claim for back pay. Knox later admitted in his deposition that he did not accept the offer, in part, because he wanted to go on a scheduled hunting trip in November and he had not accrued sufficient leave to take the trip.

In the meantime, on October 18, 2005, Knox had another appointment with Dr. Parker. Knox complained of back pain, but told Dr. Parker that the pain was "almost resolved." Dr. Parker did not observe Knox exhibit any "neurological symptoms" or "abdominal pain."

The next month, Knox filed a complaint against Cessna and argued that the company interfered with and retaliated against Knox for exercising his rights under the Family Medical Leave Act. Knox alleged that Cessna denied him leave for a "serious health condition." Cessna moved for summary judgment in September 2006 on the basis that Knox was not entitled to damages after Cessna offered to reinstate Knox in mid-October. The district court denied the motion.

Cessna deposed Dr. Parker regarding Knox's treatment. Dr. Parker explained that he "[s]uspected that most of" Knox's "tenderness along the upper left hip area" was attributable to "musculoskeletal pain," but ordered the CT scan to rule out a possible intra-abdominal injury. Dr. Parker verified that "his assessment on [September] 7th was that [Knox] could go back to work on" Monday, September 12, 2005. Dr. Parker acknowledged that he extended Knox's leave later on September 12 based on information that Knox had provided to Dr. Parker's nursing assistant over the telephone. Dr. Parker stated that he completed the Certificate of Medical Provider form, which stated that Knox required three

weeks of leave, at the request of his nursing assistant and based on Knox's request for additional leave. Dr. Parker verified that he "could not" state "to a reasonable degree of medical certainty" that Knox had a "serious medical condition that required [Knox] to be absent from work" on either September 12 or September 19.

Cessna moved in limine in February 2008 to exclude from evidence the Certificate of Medical Provider form, the doctor's note to excuse Knox from work from September 12 to September 19, 2005, and testimony from Dr. Parker that Knox suffered a "serious health condition" under the Family Medical Leave Act. The district court granted the motion. The district court excluded the certificate and doctor's note because Dr. Parker's "opinion" was "unduly biased and lacking in objectivity." The court made this finding based on Dr. Parker's decisions to release Knox on September 9 for work without restriction, to approve Knox to hunt deer with a bow, and to sign the certificate based on "self-diagnosis" by Knox "without benefit of any further medical test or examination." The district court concluded that Knox's condition, which "did not result in a regimen of continuing treatment," did not constitute a "serious health condition." The district court also found, based on these facts, that Dr. Parker's "opinion as to [] Knox's serious health conditions . . . lack[ed] the foundation and reliability necessary to support expert testimony" and would not "objectively . . . assist the jury in arriving at its

6

verdict."

Cessna moved for summary judgment. Cessna argued that Knox was unable to prove that he had a "serious health condition" under the Federal Medical Leave Act. The district court granted the motion.

## II. STANDARDS OF REVIEW

We review a summary judgment <u>de novo</u>. <u>Cooper v. Fulton County, Ga.</u>, 458 F.3d 1282, 1285 (11th Cir. 2006). We review evidentiary rulings for abuse of discretion. <u>United States v. Henderson</u>, 409 F.3d 1293, 1297 (11th Cir. 2005).

## III. DISCUSSION

Knox makes two arguments on appeal. First, Knox challenges the exclusion of testimony of Dr. Parker and the Certificate of Medical Provider form signed by Dr. Parker. Second, Knox argues that he established that he suffered from a serious health condition under the Family Medical Leave Act. Cessna has also appealed and argues that, if Knox prevails in his appeal, we should reverse the denial of its first motion for summary judgment. Both of Knox's arguments fail and we dismiss the appeal by Cessna.

*A. The District Court Did Not Abuse Its Discretion By Excluding Testimony From Dr. Parker and the Certificate of Medical Provider Form.*

Knox challenges the exclusion of evidence on three grounds. First, Knox argues that the district court erred by finding that Dr. Parker's testimony was not

7

reliable. Second, Knox argues that Dr. Parker did not offer an expert opinion and had sufficient personal knowledge to testify that Knox had a serious health condition. Third, Knox argues that the district court failed to balance the prejudicial and probative value of the evidence. These arguments fail.

The district court did not abuse its discretion by excluding the evidence. The record establishes that Dr. Parker's testimony was not reliable. Dr. Parker did not have personal knowledge to certify that Knox had a serious health condition. A lay witness may give an opinion that is "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue . . . ." Fed. R. Evid. 701. Dr. Parker, as Knox's treating physician, admitted that he could not state that Knox had a serious health condition based on Dr. Parker's personal observations and his medical findings. See Henderson, 409 F.3d at 1300. Dr. Parker relied on Knox's self-diagnosis, which was conveyed to Dr. Parker by his nursing assistant, to extend the length of Knox's medical leave and to certify that Knox required extended leave to recover from his injury. Knox's diagnosis conflicted with medical evidence, as well as statements made by and activities engaged in by Knox. The district court was entitled to conclude that the admission of Dr. Parker's testimony and the certificate would mislead and confuse the jury. See Fed. R. Evid. 403.

8

*B. Cessna Was Entitled to Summary Judgment Against Knox.*

Knox argues that he presented evidence that he suffered from a serious medical condition under the Family Medical Leave Act. We disagree. A serious health condition is defined in the Family Medical Leave Act as an injury that requires "continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Although the Act does not define "continuing treatment by a health care provider," the Department of Labor has issued a regulation that explains that the phrase includes "[t]reatment two or more times by a health care provider . . . under orders of . . . a health care provider" or "[t]reatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider." 29 C.F.R. § 825.114(a)(2)(i).

Knox failed to establish that he suffered from a serious health condition. Knox has not established that his back injury required repeated or ongoing treatment. Dr. Parker found that Knox was free to resume normal activities on Friday September 9 and released him from further treatment. Neither the fact that Knox reported discomfort to Dr. Parker's nursing assistant or that Knox scheduled further visits with Dr. Parker alter the doctor's assessment. The district court did not err by granting summary judgment to Cessna.

9

## IV. CONCLUSION

The summary judgment in favor of Cessna Aircraft Company is

**AFFIRMED**, and the appeal by Cessna is **DISMISSED**.