**M. Angella WILLIAMS, Plaintiff,**

v.

**CROWN LIQUORS OF BROWARD, INC.; a Florida corporation d/b/a Crown Wine & Spirits, Defendant.**

**Case No. 11–CIV–61341.**

United States District Court, S.D. Florida.

July 23, 2012.

Ellen Marcie Leibovitch, Assouline & Berlowe, P.A., Boca Raton, FL, for Plaintiff.

Salvatore Hazard Fasulo, Tripp Scott, P.A., Fort Lauderdale, FL, for Defendant.

## ORDER

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on Plaintiff, M. Angella Williams's ("Williams['s]") Request for Liquidated Damages and Front Pay Under the FMLA ("Damages Request") [ECF No. 79], filed July 13, 2012. Following a four-day jury trial, Williams prevailed on a count of retaliation against Defendant, Crown Liquors of Broward, Inc. ("Crown"), in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). (*See* Verdict [ECF No. 75]). Williams now seeks liquidated damages and front pay. Crown filed a Memorandum of Law in Opposition ... ("Response") [ECF No. 82] on July 17, 2012. The Court has carefully reviewed the parties' submissions, the record, and applicable law.

### I. ANALYSIS

#### A. Liquidated Damages

Under the FMLA, an employer found to be in violation is liable to the employee for damages equal to "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 U.S.C. § 2617(a)(1)(A)(i)(I). These are referred to as compensatory damages. The employer is further liable for additional "liquidated damages equal to the sum of" the compensatory damages plus interest. *Id.* § 2617(a)(1)(A)(iii). However, the FMLA further provides:

[I]f an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the em-

ployer had reasonable grounds for believe that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest. . . .

*Id.* Retaliation under the FMLA constitutes a violation of section 2615. *See Martin v. Brevard Cnty. Pub. Schs.*, 543 F.3d 1261, 1267 (11th Cir.2008).

■ "Liquidated damages are awarded presumptively to an employee when an employer violates the FMLA, unless the employer demonstrates that its violation was in good faith and that it had a reasonable basis for believing that its conduct was not in violation of the FMLA." *Cooper v. Fulton Cnty., Ga.*, 458 F.3d 1282, 1287 (11th Cir.2006). The subjective and objective elements of this test are distinct, and the employer must demonstrate both. *See id.* at 1288 (holding that where "employer subjectively acted in good faith but its conduct was objectively unreasonable, then it is not an abuse of discretion to award liquidated damages"). "To avoid a liquidated damages award, the defendant bears the burden of establishing that it acted with subjective good faith and that it had an objectively reasonable belief that its conduct did not violate the law." *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 868 (8th Cir.2006) (citation omitted); 29 U.S.C. § 2617(a)(1)(A)(iii) (stating employer must prove good faith and reasonableness "to the satisfaction of the court"). There is a "strong presumption under the statute in favor of doubling" damages by awarding liquidated damages. *Hite*, 446 F.3d at 869 (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir.1998)).

With respect to the retaliation claim, the jury awarded Williams "damages to compensate for loss of wages and benefits shown to have been lost to the date of trial" in the amount of $40,000. (Verdict 4). Thus, the amount of compensatory damages to the date of trial is not in dispute. The only issue is whether Crown may avoid the presumption in favor of the liquidated damages award by demonstrating good faith and reasonableness in its conduct.

■ "Showing good faith when a jury has determined intentional retaliation is a very high bar to clear, if indeed it can be." *Hite*, 446 F.3d at 869. This is so because the intentional nature of the discrimination is the crux of a retaliation claim. *See Martin*, 543 F.3d at 1267. Crown, nevertheless, contends that it acted in good faith and sets forth an account of the testimony elicited at trial to demonstrate its good faith and reasonableness. This presentation of evidence, however, hardly helps Crown's case.

Crown describes the August 14, 2008 letter ("August 14 Letter") in which Amy Galloway ("Galloway"), Crown's outside counsel, advises Williams that her FMLA request has been processed, and advises of the FMLA start and end dates. (*See* Resp. 7). As Crown itself notes, the letter from Galloway to Williams states, "I would like clarification as to your expectation as to the FMLA request once the FMLA leave package expires." (*Id.* 7–8). Thus, Crown acknowledges that the August 14 Letter addresses the fact that there was an open issue as to extended leave beyond the mandated 12 weeks. Crown also contends that at some point after the August 14 Letter was sent, "Amy Galloway, again tried to reach out to [Williams] to discuss her expectations as to the FMLA request once the 12 week leave period and benefits expireD [sic] and Ms. Galloway's request

for WILLIAMS to tell CROWN if she believed she was entitled to any other benefits not addressed in the August 14 letter regarding WILLIAMS [sic] employment status." (*Id.* 7).

In the same breath, Crown states that the August 14 Letter "offered WILLIAMS a *severance package* that was consistent with what WILLIAMS had *agreed* to back when she first advised CROWN that she was pregnant and did not anticipate or plan to continue to perform her human resources duties." (*Id.* 8) (emphasis added). Thus, difficult as it is to believe, at the same time Crown argues that Williams made a request for extended FMLA leave on which she neglected to follow up, Crown contends that Williams agreed as soon as she notified Crown of her pregnancy to a severance package, which was contained in the same letter first advising her the FMLA request was processed, implying Williams never made a request for extended leave or sought to keep her position.

That Williams made a request for extended leave is hardly in dispute. Four days before filing its Response to the present Motion, Crown filed a Motion for Judgment as a Matter of Law [ECF No. 77] on Crown's retaliation claim. In that motion, Crown made a point of arguing that it was entirely beyond dispute that Crown denied Williams's request for extended leave. But it argued that Williams was not *entitled* to the leave she did request. "Indeed, the entire FMLA case hinged on whether the Plaintiff could prove that she was entitled to the extended FMLA leave she requested...." (Mot. for Judgment as a Matter of Law 4).

Thus, in an effort to prove good faith and reasonableness, Crown has presented an argument to the Court in which it is unclear if it concedes whether Williams made a request for extended leave, whether she followed up on her request if she did, whether she agreed to end her employment, or whether she was terminated by the offer of severance. Such a confused account is representative of the contradictory testimony presented by Crown during the trial. Moreover, the trier of fact in this case has already decided all of these points. Crown's argument in opposition to liquidated damages hardly appears to be reasonable and made in good faith, and it does not inspire confidence that Crown's past actions were reasonable or in good faith either. The Court will not disturb the jury's finding on this point that "the Plaintiff's request for extended FMLA leave was a substantial or motivating factor that caused the Defendant" to discharge Williams. (Verdict 3).

Williams also asks for pre-judgment interest on her compensatory damages. (*See* Mot. 2, 8). The FMLA provides that interest on compensatory damages is "calculated at the prevailing rate." 29 U.S.C. § 2617(a)(1)(A)(ii). However, the jury's award of $40,000 represents all of Williams's compensatory damages "to the date of trial." (Verdict 4). Williams has not shown any reason why additional accrued *pre*-judgment interest should be added to this amount, and the Court can determine none. *Post*-judgment interest is governed by 28 U.S.C. section 1961, as usual.

## B. Front Pay

Williams further seeks the equitable remedy of front pay of up to three years under the FMLA, which states that an employer in violation may be liable "for such equitable relief as may be appropriate, including employment, reinstatement,

and promotion." 29 U.S.C. § 2617(a)(1)(B). Williams acknowledges that any calculation of front pay depends on, among other factors, a determination of the likelihood that the plaintiff's employment would have continued absent the discrimination. (*See* Mot. 10–11 (citing *Dollar v. Smithway Motor Xpress, Inc.*, 787 F.Supp.2d 896, 920 (N.D.Iowa 2011))).

 However, given the jury's finding with respect to Williams's compensatory award, the Court cannot find a likelihood Williams would have remained with Crown for a sufficient period of time to justify front pay. In the Motion and pursuant to Williams's testimony at trial, her "salary plus benefits totaled $97,500.00 annually" in 2007 and 2008, when she was terminated. (Mot. 13). This amount does not take into account salary increases and bonuses. (*See id.*). The jury award of $40,000 in compensatory damages of wages and benefits, then, corresponds to roughly 41 % of the equivalent of one year's salary plus benefits at the time Williams was terminated, or the equivalent of a little less than five months' worth of salary plus benefits, using Williams's own estimates.

This amount of time would roughly correspond to the period between the time Williams was unquestionably terminated in October 2008 (*i.e.*, when her 12 weeks of FMLA leave expired according to Crown), to the elimination of her position in late February 2009.[1] In any event, the only reasonable interpretation of the jury's award is that Williams was not entitled to wages and benefits for the entire period of time between her termination and trial, or anything even close to that amount. The

Court can only infer that the jury did not find it likely Williams's employment would have continued through that period of time. In light of this finding, it would hardly be likely that Williams would continue to have been employed for an additional three years from the present date. Williams has not made a sufficient showing of entitlement to front pay.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiff's Request for Liquidated Damages and Front Pay Under the FMLA [ECF No. 79] is **GRANTED** in part and **DENIED** in part. Final judgment shall be entered by separate order.

---

1. Evidence was presented at trial that the Human Resources Director position was eliminated on February 27, 2009 and never reinstated. Williams does not dispute this evidence. (*See* Mot. 11).